Christian THEE, Plaintiff,

v.

MARVIN GLASS & ASSOCIATES et al., Defendants.

No. 75 C 1554.

United States District Court, E. D. New York.

May 4, 1976.

Carl E. Person, New York City, for plaintiff.

Kane, Dalsimer, Kane, Sullivan & Kurucz by David H. T. Kane, New York City, for defendant Marvin Glass & Associates.

MEMORANDUM AND ORDER

BRAMWELL, District Judge.

This matter comes before the Court on the motion of defendant, Marvin Glass & Associates (hereinafter "Glass"), pursuant to Rule 12(b) of the Federal Rules of Civil

Procedure, to dismiss the complaint as to Glass on the grounds that (1) this Court has no personal jurisdiction over the said defendant; and/or (2) the Eastern District of New York is not proper venue as to the said defendant.

Plaintiff Christian Thee (hereinafter "Thee") has interposed a cross-motion for an order: (1) under Rule 21 of the Federal Rules of Civil Procedure, severing plaintiff's claims against defendant Glass from this action, with plaintiff to proceed against defendant Glass as a separate action; and (2) under 28 U.S.C. Section 1406(a), transferring the severed action against defendant Glass to the United States District Court for the Northern District of Illinois, Eastern Division.

## I

Plaintiff Thee is a self-employed artist, designer, and part-time developer of ideas, know-how, designs, and works who resides in Brooklyn, New York. In the parlance of his trade, he is known as a "game developer". His work product, which constitutes a substantial portion of the subject matter of this action, is a game called "Artifax".

Defendant Glass is an Illinois limited partnership having its sole place of business in Chicago, Illinois, which is within the Northern District of Illinois, Eastern Division. Glass' only business is the development and design of consumer products, particularly such items as toys, games, and novelty items for the toy industry which it licenses to manufacturers. Glass does not maintain a manufacturing facility of its own for production of these consumer products, nor does it manufacture such goods. Therefore, Glass, too, is a "game developer". Glass' work product, which also constitutes a substantial portion of the subject matter of this action, is a game called "Masterpiece".

Plaintiff's complaint alleges that the named defendants in their creation, development, manufacture, and distribution of the game "Masterpiece", have, to the material detriment of plaintiff and of his proprietary interest in the game "Artifax": engaged in a conspiracy in restraint of trade in violation of Section 1 of the Sherman Antitrust Act (15 U.S.C. Sec. 1); monopolized or attempted to monopolize in violation of Section 2 of the Sherman Antitrust Act (15 U.S.C. Sec. 2); infringed plaintiff's common law copyright as to "Artifax" and/or plagiarized parts of "Artifax" protected by Thee's common law copyright; committed fraudulent acts against plaintiff; breached a fiduciary and confidential relationship with Thee; committed acts of commercial piracy and unfair competition, and thus have unjustly enriched themselves at Thee's expense.

## II

Plaintiff Thee has determined, after extensive and exhaustive discovery, that the non-resident defendant Glass lacks sufficient minimum contacts with New York so as to subject it to the personal jurisdiction of this Court consistent with the requirements of due process of law. See *International Shoe Co. v. Washington Office of Unemployment Compensation and Placement*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

This Court concurs in that determination, after careful consideration of the following jurisdictional facts:

Defendant Glass is an Illinois limited partnership having its sole place of business in Chicago, Illinois, which is within the Northern District of Illinois, Eastern Division. Glass' sole business is the development and design of consumer items, particularly toys, games, and novelty items for the toy industry which it licenses to manufacturers. The defendant has no manufacturing facility of its own for production of consumer goods. No negotiations, dealings, correspondence, or any other activities pertaining to the subject matter of the instant action and involving defendant Glass occurred in New York. Moreover, all partners or employees of Glass, who had any

knowledge of the "Masterpiece" game, or played any role in the conception, development, or production of the prototype of said game reside within the State of Illinois and within the Chicago metropolitan area, which falls within the Northern District of Illinois, Eastern Division.

In *International Shoe, supra,* the Supreme Court stated:

> Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory, of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945).

In *Hanson v. Denckla, supra,* the Court clarified the "minimum contacts" requirement:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283, 1298 (1958).

Therefore, consistent with the requirements of due process as articulated in *International Shoe, supra,* and *Hanson v. Denckla,* supra, and after careful consideration of the aforementioned jurisdictional facts, this Court finds that it lacks personal jurisdiction over the non-resident defendant Glass.

The parties' briefs, affidavits, and arguments before the Court indicate that both defendant Glass and plaintiff Thee concur

in the conclusion that venue does not properly lie in this Court.

The Court, after careful consideration and for the reasons set forth below, can only agree with this determination.

Plaintiff in his complaint initially alleged venue as to the defendant Glass under 28 U.S.C. Sec. 1391 and 15 U.S.C. Sec. 15.

With reference to 28 U.S.C. Sec. 1391, the only applicable venue provision is Section 1391(b),[1] which provides in pertinent part that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

In this case, as Sec. 1391(b) clearly provides, venue would only be proper in this district if either all of the defendants reside in the Eastern District of New York or if the claim arose in the Eastern District of New York.

With respect to the residency requirement of Sec. 1391(b), under the law of the State of New York which is applicable in the instant case, it is well established that a partnership is not a separate jural entity from that of its individual partners, and that its residence is that of the individual partners. *Koons v. Kaiser,* 91 F.Supp. 511, 516 (S.D.N.Y.1950); *Champion Spark Plug Co. v. Karchmar,* 180 F.Supp. 727 (S.D.N.Y.1960); 1 Moore, *Federal Practice,* Par. 90.142 [5.–1–4] at page 1418. As established by the affidavit of Harry Disco, none of Glass' partners reside in this judicial district. In addition, the partnership's principal and only place of business is located in Chicago, Illinois. Therefore, in this case the residency requirement of Section 1391(b) has not been fulfilled.

With respect to the requirement under Section 1391(b) that the claim must have

---

1. Since this action is not "founded *only* on diversity of citizenship", but is also founded on Federal question jurisdiction involving various claims under the Antitrust statutes, 28 U.S.C. Sec. 1391(a) is inapplicable. See, for example,

1 Moore *Federal Practice* Pars. 0.142[3] and [4] at pp. 1381 and 1386. Since defendant Glass is not a corporation, 28 U.S.C. Sec. 1391(c) is also inapplicable, because that section by its terms is a venue provision for corporations *only.*

arisen in this judicial district, it is clear that the instant controversy did not arise in the Eastern District of New York or indeed, anywhere within New York State. Defendant Glass' activities are limited to the State of Illinois, in particular, the Chicago metropolitan area. With respect to the activities of the other named defendants, out of which the alleged cause of action is claimed to have arisen, all occurred in Massachusetts. Therefore, the requirement that the claim must have arisen in this judicial district has not been met.

Venue is also improperly placed under 15 U.S.C. Sec. 15, which provides:

Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy  .   .   .

It is clear from the foregoing discussion that the defendant Glass neither resides nor has an agent within this judicial district.

Finally, it is obvious that defendant Glass is not "found" within the Eastern District of New York. In *People's Tobacco Co. v. American Tobacco Co.,* 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587 (1918), the Supreme Court held that "found" is equivalent to "presence" within the judicial district. As stated in *International Shoe v. Washington, supra,* in order for a non-resident defendant to be "present" within a judicial district, it must engage in some systematic and continuous activity so as to satisfy the requirements of due process of law.

In the view of this Court, Glass has established that it is not "found" within this judicial district.

### III

Therefore, as to the defendant Glass, the question now becomes whether the case should be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for lack of personal jurisdiction over the defendant and for improper venue, *or* whether the plaintiff's claims against defendant Glass should be severed from this action, with plaintiff to proceed against Glass as a separate action and transferred under 28 U.S.C. Sec. 1406(a).

Section 1406(a) of Title 28 of the United States Code provides that:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

This Court must now determine if there is another federal district and division in which the instant suit "could have been brought".

■ The foregoing phrase has generally been construed to require that the transferee district court possess subject matter jurisdiction over the case, that the defendant be amenable to the personal jurisdiction of the transferee district court, and that proper venue exist in the transferee district court. 1 Moore's *Federal Practice* Par. 0.146[5]; Annotation, 3 A.L.R.Fed. 467, Secs. 18–20 (1970); *Griffin v. Connally,* 127 F.Supp. 203 (S.D.Tex.1955); See also *Smith v. Murchison,* 310 F.Supp. 1079 (S.D.N.Y. 1970).

■ This Court finds that the United States District Court for the Northern District of Illinois would possess subject matter jurisdiction to hear Counts 1–3 of plaintiff's amended complaint based upon the original jurisdiction of that Court to hear "any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies" (28 U.S.C. Sec. 1337), for as previously set forth, Counts 1–3 of this controversy involve Sections 1–3 of the Sherman Antitrust Act (15 U.S.C. Secs. 1–3).

This Court further finds that the United States District Court for the Northern District of Illinois would possess subject matter

jurisdiction to hear Counts 4–9 of plaintiff's amended complaint based upon the doctrine of pendent jurisdiction. See *Hurn v. Oursler*, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

As defendant Marvin Glass & Associates is an Illinois limited partnership having its sole place of business in Chicago, Illinois, which is engaged in a systematic and continuous course of business activity there, it is beyond dispute that Glass is subject to the personal jurisdiction of the United States District Court for the Northern District of Illinois consistent with the requirements of due process of law. See *International Shoe, supra; Hanson v. Denckla, supra.*

Finally, with regard to the requirement of proper venue, it is clear that the defendant Marvin Glass & Associates is "found" within the Northern District of Illinois, within the meaning of that term as used in 15 U.S.C. Sec. 15. As previously indicated, "found" has been held to be equivalent to "presence" within the District. *People's Tobacco Co., supra*; and in order for a defendant to be "present" within a district it must engage in some systematic and continuous activity so as to satisfy due process of law requirements. *International Shoe, supra.*

It is not necessary to discuss Illinois law regarding the jural status of the Marvin Glass partnership, and its concomitant capacity to sue or be sued under its firm name, inasmuch as all partners reside in the Northern District of Illinois, and the partnership's sole place of business in which it is engaged in a systematic and continuous course of business is also located there. Therefore, under either jural theory, whether the partnership is seen as a separate jural entity or as an association of individuals, venue would be proper under 15 U.S.C. Sec. 15.[2]

Therefore, this Court concludes that consistent with the requirements of 28 U.S.C. Sec. 1406(a), the United States District Court for the Northern District of Illinois is a judicial district in which the instant suit "could have been brought".

## V

■ This Court finds totally without merit defendant Glass' contention that this Court lacks the capacity to transfer this action pursuant to 28 U.S.C. Sec. 1406(a), since the Court lacks personal jurisdiction over the nonresident defendant, and since venue does not properly lie in this judicial district.

This case is controlled by *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). There, the Supreme Court held in a factual situation analogous to that before this Court, that 28 U.S.C. Sec. 1406(a) authorizes the transfer of cases, however wrong plaintiff may have been in filing his case as to venue, whether the transferor district court in which the action was filed had personal jurisdiction over defendants or not.

In construing Sec. 1406(a) the Court stated:

Nothing in that language indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants. And we cannot agree that such a restrictive interpretation can be supported by its legislative history—either that relied upon by the Court of Appeals or any other that has been brought to our attention. The problem which gave rise to the enactment of the section was that of avoiding the injustice which had often resulted to plain-

---

**2.** It is also noteworthy that Rule 17(b)(1) of the Federal Rules of Civil Procedure clearly provides that "a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under . . . laws of the United States".

tiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn. Indeed, this case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in thinking that the respondent corporations could be "found" or that they "transact * * * business" in the Eastern District of Pennsylvania. The language and history of Sec. 1406(a), both as originally enacted and as amended in 1949, show a congressional purpose to provide as effective a remedy as possible to avoid precisely this sort of injustice.

The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that "the interest of

justice" may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice-defeating technicalities." It would at least partially frustrate this enlightened congressional objective to import ambiguities into § 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired. 369 U.S. 463, 466, 467, 82 S.Ct. 913, 915–916, 8 L.Ed.2d 39, 42 (1962).

The Supreme Court's position in *Goldlawr, Inc., supra,* is dispositive. Other courts confronted with the same contention raised by defendant Glass have given it short shrift. See *Dubin v. United States,* 380 F.2d 813 (5th Cir. 1967); *Thornton v. Toyota Motor Sales U. S. A. Inc.,* 397 F.Supp. 476 (N.D.Georgia 1975); *Smith v. Murchison,* 310 F.Supp. 1079 (S.D.N.Y. 1970); *Albert Levine Associates v. Bertoni & Cotti,* 309 F.Supp. 456 (S.D.N.Y.1970).

### VI

Accordingly, defendant Glass' motion to dismiss the complaint is denied in all respects. This Court further holds that the plaintiff's cross-motion is granted in all respects.

Accordingly, the Court hereby orders that this action against defendant Marvin Glass & Associates be severed from the main action, with plaintiff to proceed against defendant Glass as a separate action, pursuant to Rule 21 of the Federal Rules of Civil Procedure. The Court further orders that in the interest of justice, the severed action be transferred to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. Sec. 1406(a).

It is SO ORDERED.