**In re FRG, INC., et al., Debtors.**

**Bankruptcy Nos. 89B–11120 (HCB)–89B–11125 (HCB), 89B–11269 (HCB).**

United States Bankruptcy Court, S.D. New York.

July 28, 1989.

Hahn & Hessen by Gabriel Schwartz, Jeffrey Schwartz and Mark S. Indelicato, New York City, for FRG, Inc., FRP Ltd. Partnership and FMI Ltd. Partnership, debtors.

Marilyn Simon, New York City, for Franklin Greenbriar Associates, Franklin Charlotte Associates, Franklin Willow Ridge Associates and Franklin Southeast Investors Ltd., debtors.

Stroock & Stroock & Lavan by Robin E. Keller and Karen Burns–Cummings, New York City, for Frederick Blumberg.

Schnader, Harrison, Segal & Lewis by David S. Hope and David Smith, New York City, for Official Unsecured Creditors Committee.

Skadden, Arps, Slate, Meagher & Flom by Michael L. Cook and Carlene J. Gatting, New York City, for Home Federal Sav. and Loan Ass'n.

Kaye, Scholer, Fierman, Hays & Handler by Susan A. Mills, New York City, for Prudential Bache Securities, Inc.

Schulte, Roth & Zabel by Daniel Goodman, New York City, for DCB Murphy, No. 1, Ltd.

## DECISION

HOWARD C. BUSCHMAN, III, Bankruptcy Judge.

Frederick Blumberg, a creditor of three of these Debtors, seeks an order transferring all of these jointly administered Chapter 11 cases to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1408 and 1412 and Rule 1014(a)(2) of the Bankruptcy Rules.[1]

This motion raises the issue of whether a creditor in a bankruptcy case filed in a district on the basis of being related to a prior pending case has standing to challenge the venue of the prior related case. We hold that such a creditor has standing. We further hold that the movant has demonstrated, by a preponderance of the evidence, that the Debtors' bankruptcy petitions were improperly filed here in the Southern District of New York and that transfer of venue to the Eastern District of Pennsylvania is in the interest of justice and for the convenience of the parties.

### I

One of these debtors, FRG, Inc., f/d/b/a Franklin Realty Group, Inc., ("FRG"), a

---

1. Alternatively, Blumberg seeks an order modifying the automatic stay pursuant to 11 U.S.C. § 362(d)(1) in order to allow his action against these Debtors to proceed in the Eastern District of Pennsylvania. By agreement at oral argument, the provisions of 11 U.S.C. § 362(e) are waived with respect to the motion for relief from the automatic stay to permit the venue issue to be decided first.

Pennsylvania corporation, is a holding company. Through its affiliates and subsidiaries it acts as a multi-service real estate company engaged in property management and packaging syndication. Voluntary Petition for Relief Under Chapter 11 of Title 11 of the United States Code, Case No. 89B–11122, Exhibit A, ¶ 3 (the "FRG Petition"). FRG's principal place of business is located in Ambler, Pennsylvania. It also maintains regional offices in San Antonio, Texas and Phoenix, Arizona. FRG Petition, Exhibit D, ¶ 7. Along with five of its affiliates, it filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 1101 *et seq.* (the "Bankruptcy Code" or the "Code") in the Southern District of New York on May 17, 1989. A sixth affiliate filed for Chapter 11 relief on June 1, 1989. The Debtors' cases were procedurally consolidated for the purpose of joint administration by Orders of this Court dated May 18 and June 8, 1989.

The six Chapter 11 petitions filed on May 17, 1989 were filed literally within minutes of each other. First to file was Franklin Greenbriar Associates ("Greenbriar"). Greenbriar is a Pennsylvania limited partnership with its principal place of business in Orlando, Florida, where it owns and operates a 386–unit garden apartment complex. Voluntary Petition for Relief Under Chapter 11 of Title 11 of the United States Code, Case No. 89B–1120, Exhibit C, ¶ 3 (the "Greenbriar Petition"). It also shares an office with the other Debtors in Ambler, Pennsylvania. Greenbriar Petition ¶ 1. In its petition, Greenbriar asserts that venue is proper before this Court pursuant to 28 U.S.C. § 1408(1) because "several of the limited partners of [Greenbriar] have been residents of this district" for 180 days immediately preceding the filing of its petition. *Id.* ¶ 2. According to Exhibit E to the Greenbriar Petition, only five of the ninety-four limited partners listed have residences in the Southern District of New York. The Greenbriar Petition was filed at 6:25 p.m. on May 17, 1989.

Next to file, at 6:26 p.m. on May 17, 1989, was FRP Limited Partnership, f/k/a Franklin Realty Partners ("FRP"). FRP, a Pennsylvania limited partnership, has its principal office in Ambler, Pennsylvania with regional offices in San Antonio, Texas and Phoenix, Arizona. Voluntary Petition for Relief Under Chapter 11 of Title 11 of the United States Code, Case No. 89B–11121, Exhibit D, ¶ 9 (the "FRP Petition"). FRP asserts that venue is proper here pursuant to 28 U.S.C. § 1408(2) because it is a general partner of Greenbriar "which is a debtor in a case pending under Title 11 of the United States Code in this district." FRP Petition ¶ 2. FRP is managing general partner of sixty-six syndicated limited partnerships ("SLPs"), three of which (Greenbriar, Franklin Charlotte Associates and Franklin Willow Ridge Associates) are Debtors under Chapter 11 in cases before this Court. FRP Petition, Exhibit D, ¶ 8.

The FRG Petition was next filed, at 6:28 p.m. It asserted that venue is proper here pursuant to 28 U.S.C. § 1408(2) because it is a general partner of FRP, a debtor in a Chapter 11 case pending in this district. FRG Petition ¶ 2.

The next Debtor to file, at 6:29 p.m., in turn, based its venue on that of FRG. FMI Limited Partnership, f/d/b/a Franklin Mortgage Investors ("FMI") asserted that venue is proper here pursuant to 28 U.S.C. § 1408(2) since FRG, FMI's general partner, is a debtor in a case pending here. Voluntary Petition for Relief Under Chapter 11 of Title 11 of the United States Code, Case No. 89B–11123 ¶ 2 (the "FMI Petition"). FMI, along with FRP and FRG, has its principal office in Ambler, Pennsylvania with regional offices in San Antonio, Texas and Phoenix, Arizona. FMI Petition, Exhibit D, ¶ 7; FRP Petition, Exhibit D, ¶ 9; FRG Petition, Exhibit D, ¶ 7.

The petition of Franklin Charlotte Associates ("Charlotte") was filed at 6:30 p.m. Charlotte is a Pennsylvania limited partnership with its principal place of business in Charlotte, North Carolina, where it owns and operates a 224–unit garden apartment complex. Voluntary Petition for Relief Under Chapter 11 of Title 11 of the United States Code, Case No. 89B–11124, Exhibit C, ¶ 3 (the "Charlotte Petition"). It also shares the office in Ambler, Pennsylvania. Charlotte Petition ¶ 1. Charlotte claimed

proper venue, pursuant to 28 U.S.C. ¶ 1408(2), by virtue of the pending case of its general partner, FRP. *Id.* ¶ 2.

The last of the Debtors' petitions to be filed on May 17, 1989, was that of Franklin Willow Ridge Associates ("Willow Ridge"), filed at 6:31 p.m. Voluntary Petition for Relief Under Chapter 11 of Title 11 of the United States Code, Case No. 89B–11125 (the "Willow Ridge Petition"). Willow Ridge, a Pennsylvania limited partnership, has its principal place of business in Charlotte, North Carolina where it owns and operates a 232–unit garden apartment complex. Willow Ridge Petition, Exhibit C, ¶ 3. It too shares the Ambler office. Willow Ridge Petition ¶ 1. Willow Ridge asserts that venue is proper here pursuant to 28 U.S.C. § 1408(1) and (2) because of the pending case of its general partner, FRP and, because several of Willow Ridge's limited partners have been residents of this district for the 180 days immediately preceding the filing of its petition. Willow Ridge Petition ¶ 2. According to its list of limited partners, however, only three of the sixty-three listed have residences in the Southern District of New York. Willow Ridge Petition, Exhibit E.

Two weeks later, on June 1, 1989, Franklin Southeast Investors Limited ("Southeast"), a Pennsylvania limited partnership filed its Chapter 11 petition (the "Southeast Petition"). Southeast maintains its principal place of business in Casselberry, Florida, with an additional office in Ambler, Pennsylvania. Voluntary Petition for Relief Under Chapter 11 of Title 11 of the United States Code, Case No. 89B–11279, ¶ 1 (the "Southeast Petition"). Southeast asserted that venue is proper in this district pursuant to 28 U.S.C. § 1408(2) because of the pending case of FRP, a general partner of Southeast. *Id.* ¶ 2. Southeast owns and operates a 160–unit garden apartment complex in Casselberry, Florida. *Id.*, Exhibit C, ¶ 3.

FRG and FRP, pursuant to the terms of partnership agreements with the SLPs, including Greenbriar, Charlotte and Willow Ridge, are obligated to perform managing, accounting and consulting services for the SLPs. Application for Order Authorizing Debtors to Continue Pre–Petition Cash Management System, dated May 18, 1989, ¶ 6 (the "Cash Management Order"). FRG and FRP provide for the performance of those services through a management contract with FRG Management, Inc. ("FRGM") a wholly-owned subsidiary of FRG. FRGM has not filed a bankruptcy petition. FRG Petition, Exhibit D, ¶ 24.

FRGM provides on-site managers to collect rents and other fees for the SLPs. For each individual SLP, those funds are initially deposited in a bank located near the SLP. Application for Cash Management Order ¶ 7. All of these funds are then transferred to a single account in Philadelphia. *Id.* ¶ 9. A corporate savings and checking account is kept in Ambler, Pennsylvania. *Id.* The Debtors have characterized FRGM as being the financial "nerve center" of the operations of the Debtors and their affiliates and subsidiaries. *Id.* ¶ 22. FRGM's principal office is in Ambler, Pennsylvania. FRG Petition ¶¶ 17, 24.

The record demonstrates that none of the Debtors has any tangible presence in New York. None has a place of business, assets, office, post office box, or even a telephone listing in this District. The real property assets belonging to the Debtors are located principally in Orlando, Florida and Charlotte, North Carolina. Greenbriar Petition, Exhibit C, ¶ 3; Charlotte Petition, Exhibit C, ¶ 3; Willow Ridge Associates, Exhibit C, ¶ 3. The "nerve center" for management clearly is in Ambler, Pennsylvania, in the Eastern District of Pennsylvania.

Frederick Blumberg has asked this Court to transfer these consolidated cases to the Eastern District of Pennsylvania where he resides. *See* FMI Petition, Exhibit E. Blumberg was an officer, director and shareholder of FRG From 1981 through May of 1986. Affidavit of Frederick Blumberg dated June 12, 1989 ¶ 2 (the "Blumberg Affidavit"). Since 1981, he has been a limited partner of FRP and FMI. *Id.* Blumberg claims that he is among the twenty largest unsecured creditors of FMI, and among the twenty largest creditors of

FRG, FRP and FMI taken as a combined financial reporting entity. *Id.* ¶ 5.

Blumberg's claim stems from a 1981 Purchase Agreement he entered into with FMI and two individual directors and shareholders of FRG. Pursuant to that agreement, the individuals apparently purchased Blumberg's shares of FRG, along with his limited partner's interest in FRP. In addition, FMI apparently redeemed Blumberg's limited partner's interest in FMI for $400,000, payable at closing by two promissory notes in the amount of $250,000 and $150,000. *Id.* ¶ 4. Blumberg claims that he is owed the outstanding balance and accrued interest on the FMI notes in excess of $30,000. *Id.* ¶ 5, as well as $47,288 in undistributed cash flow from the sale or refinancing of real estate related assets of FRP and FMI. *Id.*

Blumberg is listed as one of the largest unsecured creditors in the documents filed with the FRG, FRP and FMI petitions as having a contingent, unliquidated and disputed claim in the amount of $327,288. FRG, FMI and FRP Petitions, Exhibit E. He is not a creditor of Greenbriar, Charlotte or Willow Ridge.

Blumberg's motion to transfer venue is supported by the Official Unsecured Creditors Committee.

The single largest creditor of Greenbriar, Home Federal Savings and Loan Association ("Home Federal"), has requested that venue be retained in this district. If it is found, however, that the venue of Greenbriar is improper here, Home Federal requests that the Greenbriar case be transferred to the Middle District of Florida, where the case of Franklin Tampa Associates, an affiliate of Greenbriar, is pending. Response of Home Federal Savings and Loan Association to Blumberg's Motion for Transfer of Venue. ¶ 4 ("Response of Home Federal").

At the hearing on the instant motion to transfer venue, held on July 7, 1989, two other secured creditors, Prudential Bache Securities, Inc. and DCB Murphy No. 1, Ltd., stated that retention of venue in this district is more convenient to them. After the hearing, John Hancock Mutual Life Insurance Co., a secured creditor of Franklin Southeast, filed a motion to transfer venue of that case to the Middle District of Florida. That motion has been held in abeyance pending resolution of the instant motion.

II

The Debtors assert that Blumberg lacks standing to challenge the venue of the Greenbriar case. Memorandum in Opposition to Motion by Frederick Blumberg for Transfer of Venue or Relief from the Automatic Stay 3–5 (the "Debtors Memorandum"). They argue that, with respect to Greenbriar, Blumberg is not a "party in interest" within the meaning of Bankruptcy Rule 1014(a)(2), and, therefore, lacks standing to challenge the venue of the Greenbriar case in this district. They then conclude that the motion must be denied since the other cases in which Blumberg is a creditor are correctly filed as related cases under 28 U.S.C. § 1408(2).[2]

It might appear that the joinder by the Official Committee of Unsecured Creditors ("Committee") in the motion would obviate the need to address this issue. But, it is not at all clear on this record that Greenbriar has any unsecured creditors. Annexed to its petition is a list of Greenbriar's unsecured creditors as of 18 days prior to the filing of the petition. They total two in number and the amount of debt is scheduled at $40,000. Greenbriar Petition, Ex-

---

**2.** 28 U.S.C. § 1408 provides:

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

hibit D. It is also stated, however, that these debts may have been satisfied prior to the filing of the Greenbriar Petition. *Id.* Although Home Federal is a secured creditor, there is no evidence as to the value of its collateral and whether it is undersecured. It is, therefore, hardly clear that the Committee represents anyone in the Greenbriar case. On this record, its standing is subject to the same challenge raised with respect to Blumberg's standing.

With respect to standing, Bankruptcy Rule 1014(a)(2) provides, in pertinent part,

> If a petition is filed in an improper district, *on timely motion of a party in interest* ... the case may be dismissed or transferred to any other district if the Court determines that transfer is in the interest of justice or for the convenience of the parties.

*Id.* (emphasis added).

The term "party in interest" is not defined by the rule. In section 1109(b) of the Bankruptcy Code, that term is defined to include a "debtor, trustee, creditors committee, equity securities holders committee, a creditor, an equity security holder or an indenture trustee" of the debtor. 11 U.S.C. § 1109(b) (1986). Section 1109(b), however, is not applicable to all chapters of the Code. *See* 11 U.S.C. § 103. Rule 1014(a)(2) applies to all chapters. Our task is to determine whether the contours of the phrase "party in interest" employed in Rule 1014(a)(2) permit a creditor of a debtor that is the subject of a petition filed as a proceeding related to a prior pending case under 28 U.S.C. § 1408(2) to move for a change of venue on the ground that the venue of the prior case is improper.

■ In this exercise, we take guidance from Section 1109(b) and the cases interpreting it, notwithstanding its inapplicability. Legislation employing the same term of art in the same general context is presumed to convey the same general meaning. *See* Frankfurter, *Some Reflections on the Reading of Statutes*, 47 COLUM.L. REV. 527, 535–38 (1947). Further guidance is to be taken from standing concepts, for the purpose of the phrase in Rule 1014(a)(2) is to describe those who may

make the motion. Those concepts, as discussed below, lead to the conclusion that a creditor of a tag-along debtor is able, under Rule 1014(a)(2), to make a venue motion with respect to the related prior proceeding.

■ It is established that section 1109(b)'s enumeration of entities having party in interest status is merely illustrative and the party in interest concept has been broadly interpreted to include those persons having a stake in the outcome of the bankruptcy case or a right at issue in a particular proceeding. *E.g., Roslyn Savings Bank v. Comcoach Corp. (In re Comcoach Corp.),* 698 F.2d 571, 573 (2d Cir. 1983); *McLean Industries, Inc. v. Medical Laboratory Automation (In re McLean Industries, Inc.),* 96 B.R. 440, 445 (Bankr. S.D.N.Y.1989) (citations omitted).

■ Blumberg clearly has a stake in the proper venue of the cases in which he is a creditor. As a holder of two promissory notes, of which $30,000 in principal and accrued interest remains unpaid, Blumberg is a creditor of FMI. Blumberg Affidavit ¶¶ 4, 5. He also claims that he is owed $47,288 in undistributed cash flow from the sale or refinancing of real estate related assets of FRP and FMI. *Id.* ¶ 5. Since FRG is the general partner of FRP and FMI, Blumberg is also a creditor of FRG. In addition Blumberg is a limited partner of FRP and FMI. Blumberg Affidavit ¶ 2. The relationship of FMI, FRG and FRP to Greenbriar is direct and substantial and is hardly tenuous. Blumberg clearly has a direct stake in the venue of the three cases in which he is a creditor. Because these case were filed here by virtue of the presence of the Greenbriar case, filed only minutes before, that stake gives him a direct interest in the proper venue of the Greenbriar case.

■ The plain purpose of section 1408 is that at least one of two or more related bankruptcy cases is to be filed in a district having proper venue. As stated by the Second Circuit in *Comcoach,* "[w]hen interpreting the meaning of Code terms such as party in interest, we are governed by the

Code's purposes," 698 F.2d at 573 (citation omitted). To deny standing to a creditor or creditors committee in an instance such as this not only could permit manipulation of venue, but would subvert that purpose.[3]

Nothing in Rule 1014(a)(2) nor the Advisory Committee notes for 1983 and 1987 indicates the slightest inclination to define the parties who could make a venue motion so to preclude the exertion of an interest of a creditor of a tag-along debtor that there be proper venue of the case to which the case of the tag-along debtor is related. Indeed, the rule was amended in 1987 to preclude, on the making of a timely motion to change venue, the retention of bankruptcy cases in the wrong venue.[4] That change strongly indicates a concern for proper venue, an intention that timely motions be recognized and a desire that improperly filed cases be transferred if such a motion is made. Recognizing the standing of creditors to a tag-along case to challenge in timely fashion under 28 U.S.C. § 1408(1) the proper venue of the prior case, the pendency of which is asserted as the basis for venue under section 1408(2), fully accords with that intention.

In this, moreover, Blumberg and the Creditors Committee, unlike the plaintiffs in *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) who lacked standing, do not seek to bootstrap their claims to the interests of someone they do not represent. Rather, the interest they have is their own in there being at least one of these cases properly filed in this district. Blumberg's interest in having the bankruptcy cases in which he is a creditor

be located in the district where he resides is "direct and palpable" and hardly "abstract" or "conjectural," *see Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984), and his and the Committee's complaint regarding wrongful venue falls within the "zone of interests" protected by section 1408. *Ibid; Association of Data Processing Service Orgs. v. Camp.,* 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970). Accordingly, they have standing to advance that interest.

### III

In establishing proper venue for bankruptcy cases, section 1408 provides five alternative bases: domicile, residence, principal place of business, location of principal assets in the United States, and the pendency of a bankruptcy case concerning the debtor's affiliate, general partner or partnership. 28 U.S.C. § 1408(1), (2).

### A.

Since the Greenbriar case is claimed to have served as the "pending case" upon which the other Debtors base their venue pursuant to 28 U.S.C. § 1408(2), we address that case first.

In the Greenbriar Petition, it is asserted that venue is proper in this district since "several" of its limited partners have lived here for the 180 days immediately preceding the filing of the petition. Greenbriar Petition ¶ 2. The list of limited partners annexed to that petition reveals, however, that only five of the ninety-four limited partners reside in this district. *Id.* Exhibit E. Hence, Greenbriar's sole basis for venue in the Southern District of New

---

**3.** To be sure, such a creditor could request that the case in which he is a creditor be transferred to another district under 28 U.S.C. § 1412 "in the interest of justice or for the convenience of the parties," as that section provides. But transfer under § 1412 raises considerations, *see Commonwealth of Puerto Rico v. Commonwealth Oil Refining Co., Inc. (In re Commonwealth Oil Refining Co., Inc.),* 596 F.2d 1239 (5th Cir.1979), *cert. denied,* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980), additional to those arising under § 1408(1), including whether related cases ought to be split up in different districts. The ability to make that motion does not negate the

interest of a creditor of a related tag-along case, lacking any independent basis for proper venue, in having the prior case be filed in a district with proper venue. He is thereupon able to insure that the case in which he is a creditor will have, by virtue of being related to the prior case, some connection to the district in which it is to be heard.

**4.** In 1987, Rule 1014 was amended to remove the option of retaining a bankruptcy case filed in an improper district.

York is the residence of five limited partners. It makes no claim that its domicile, principal place of business or principal assets are located here.

 It is established, however, that the residence of the general partners or limited partners of a debtor limited partnership has little if any relevance in determining venue. *In re Nantucket Apartments Associates,* 80 B.R. 154, 156 (Bankr.E.D. Mo.1987). The "only meaningful" factors in determining whether a debtor limited partnership has commenced its bankruptcy case in the proper district are (i) the location of its principal place of business and (ii) location of its principal assets. *In re Bell Tower Associates, Ltd.,* 86 B.R. 795, 799 (Bankr.S.D.N.Y.1988) quoting from 1 L. KING, K. KLEE & R. LEVIN, 1 COLLIER ON BANKRUPTCY, ¶ 3.02[c][ii] at 3–1113 (15th Ed.1989); *accord, In re Garden Manor Associates, L.P.,* 99 B.R. 551 (Bankr.S.D.N.Y.1988).

Greenbriar's principal place of business and the location of its assets is in Orlando, Florida, where it operates an apartment complex. Greenbriar Petition, Exhibit C ¶¶ 2, 3. It also has a principal office in Ambler, Pennsylvania. *Id.* ¶ 2. Because Greenbriar has no physical presence in New York, it asserts, in effect, that we should put aside the authorities noted above and adopt that so-called "entity" test and "aggregate" theory developed under 28 U.S.C. § 1391(b).

This argument, as artful as it may be, has no merit. Section 1391 of the Judicial Code is a general venue section applicable to civil litigation governed by the Federal Rules of Civil Procedure. Sub-section (b) provides

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

28 U.S.C. § 1391(b) (1989). The reference to "defendants" plainly indicates the section's inapplicability to the question of residence of a debtor in a bankruptcy case.

Nevertheless, it is asserted that the Supreme Court announced a general "entity" test for venue in *Denver & Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen,* 387 U.S. 556, 87 S.Ct. 1746, 18 L.Ed.2d 954 (1967). The Court did no such thing. Rather, it struggled with applying section 1391(b) to a labor union in determining whether the union could be sued only where it was headquartered or where it does business and is subject to personal jurisdiction. *See,* 387 U.S. at 561–63, 87 S.Ct. at 1749–50. In opting for the latter, the Court relied on, *inter alia,* labor law policy. *Id.* at 562, 87 S.Ct. at 1750. That reasoning is completely inapplicable to the considerations of venue for bankruptcy cases under section 1408.

The so-called "aggregate" test the Debtors extract from such cases as *Thee v. Marvin Glass & Assoc.,* 412 F.Supp. 1116 (E.D.N.Y.1976), and *Koons v. Kaiser,* 91 F.Supp. 511 (S.D.N.Y.1950) is equally inapplicable for the same reasons. In those cases, the courts sought to define venue under section 1391 for suits against a defendant partnership. They hold that, since under state law the residence of a partnership is that of its individual partners, and the presence of a partner can afford personal jurisdiction over the partnership, section 1391 should be interpreted to permit venue of a suit against a partnership wherever the partners reside. *See, e.g., Thee v. Marvin Glass Associates,* 412 F.Supp. at 1118.

These considerations have no application to section 1408. The statute itself, in speaking of a debtor's domicile, principal place of business, location of assets and residence for the 180 days period prior to the filing of its bankruptcy petition gives the connotation that more than being subject to personal jurisdiction is contemplated. Were "residence" interpreted to mean merely where a debtor does business, the other terms would be redundant. An entity perforce does business where it is domiciled, has its principal place of business or location of assets. *See, e.g., International Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945); *United States Lines v. GAC Ma-*

*rine Fuels, Ltd. (In re McLean Industries, Inc.)*, 68 B.R. 690, 699, 15 BANKR.CT.DEC. (CCR) 703 (Bankr.S.D.N.Y.1986); *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 115 N.E. 915 (1917). These terms, instead, indicate that the court in which a debtor's debts are to be compromised and a debtor reorganized or liquidated should be located in a district where the debtor at least has a presence. *See, e.g., Commonwealth of Puerto Rico v. Commonwealth Oil Refining Co., Inc. (In re Commonwealth Oil Refining Co., Inc.)*, 596 F.2d 1239, 1247 (5th Cir.1979), *cert. denied*, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980); *Bell Tower*, 86 B.R. at 800.[5]

It being given that Greenbriar has no presence in this district, venue is lacking under § 1408(1).

### B.

■ Since the basis for venue asserted by Greenbriar, *i.e.*, the residence of a few limited partners in this district, collapses, so too do the bases for venue of the other partnership Debtors who, in their petitions, bootstrapped their cases directly to the pending case of Greenbriar or indirectly to the pending case of another tag-along Debtor.

Even were the venue of the other partnership Debtors analyzed independently, the basis for venue fails for the same reasons as does that of Greenbriar. Not one of the real estate assets held by any of these Debtors is located in New York. Hence, venue in this district based on the Debtors' location of assets cannot be sustained.

Nor is venue properly here based on the Debtors' principal place of business, "[t]he place where the debtor makes its major business decisions ... notwithstanding the physical location of its assets or production

facilities." *In re Landmark Capital Company*, 19 B.R. 342, 347, 8 BANKR.CT.DEC. (CRR) 1160, BANKR.L.REP. (CCH) ¶ 68762, 6 COLLIER BANKR.CAS.2d (MB) 447 (Bankr.S.D.N.Y.) *aff'd sub nom.*, *Landmark Capital Company v. North Central Development Company (In re Landmark Capital Company)*, 20 B.R. 220, BANKR.L.REP. (CCH) ¶ 68689, 6 COLLIER BANKR.CAS.2d (ML) 455 (S.D. N.Y.1982) (citation omitted); *see also, In re Garden Manor Associates, L.P.*, 99 B.R. at 553. Each of the partnership Debtors is a Pennsylvania limited partnership sharing an office with FRG in Ambler, Pennsylvania, where all of their books and records are kept. Indeed, the Ambler, Pennsylvania location of its management company FRGM is the "nerve center" of their operations. Cash Management Order ¶ 22. Thus, on this record it appears that they have their principal place of business there.[6] *Commonwealth Oil*, 596 F.2d at 1245–47.

### IV

■ With respect to the singular corporate debtor, FRG, it is asserted that venue lies in this district solely because FRG constantly visits this district to solicit investments in its various partnerships and to obtain loans. It is argued that that regular and continuous activity constitutes doing business in New York and that therefore, under 28 U.S.C. § 1391(c), it must be deemed to reside here.

Assuming that this activity constitutes doing business in New York so as to subject FRG generally to personal jurisdiction, this argument is of no merit. Like 28 U.S.C. § 1391(b), § 1391(c) is part of the general venue statute applicable to lawsuits. It provides, in pertinent part,

---

**5.** Even were residence of a partner a determining factor in whether or not venue of a partnership was proper, one would look to the residence of a general partner, rather than that of a limited partner. By definition, limited partners do not participate in the management or decision making process of the partnership. Those business decisions are made by general partners. Greenbriar has chosen to base its venue

here on the basis of the residence of a very few limited partners, an even less compelling reason for finding a residence of a partnership.

**6.** Willow Ridge asserts that venue is proper here because two of its limited partners reside here. That argument is of no merit for the reasons discussed *supra* with respect to Greenbriar.

For purposes of venue under this chapter. a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

28 U.S.C. § 1391(c). The Debtors assert, that unlike § 1391(b), the language "For purposes of venue under this chapter" indicates a Congressional intention to refer to debtor corporations. Sections 1391 and 1408 are both in Chapter 87 of Title 28.

This argument fails because it focuses only on part of the statutory language. Regardless of its placement within the same chapter as section 1408, section 1391(b) clearly refers to determinations of venue only when a corporation is a defendant and makes no reference to debtor corporations in bankruptcy.

None of the other criteria set forth in § 1408(1) support venue in this district. Since a corporation's domicile is generally held to be its state of incorporation, FRG, a Pennsylvania Corporation, is clearly not "domiciled" in New York. *See, Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226, 77 S.Ct. 787, 790, 1 L.Ed.2d 786 (1957). FRG's principal place of business is in Amber, Pennsylvania, where it maintains an office and its books and records and where the management and business decisions are made. Ambler, Pennsylvania, is also the location of FRG's principal assets, entity interests held in real estate developments, and other real estate assets, none of which are located in New York.

In sum, for both the Debtor partnerships and the Debtor corporation, we hold that venue in the Southern District of New York is improper pursuant to 28 U.S.C. § 1408(1). Thus, there is no properly venued pending proceeding to which any of these cases are related as provided in section 1408(2). We thus turn to Blumberg's request that we transfer these cases to the Eastern District of Pennsylvania pursuant to Rule 1014(a)(2).

### V

Rule 1014(a)(2) provides for transfer of an improperly filed case if the Court determines that transfer is "in the interest of justice or for the convenience of the parties." *Id.* That phrase, borrowed from 28 U.S.C. § 1412, implements the factors applicable under that section. 1983 Advisory Committee Note.

The standards for determining the "interest of justice" and "convenience of the parties" overlap. They are:

(1) The proximity of creditors of every kind to the Court;

(2) The proximity of the bankrupt (debtor) to the Court;

(3) The proximity of the witnesses necessary to the administration of the estate;

(4) The location of the assets;

(5) The economic administration of the estate;

(6) The necessity for ancillary administration if bankruptcy should result.

*In re Commonwealth Oil*, 596 F.2d at 1247.

Under each factor set forth in the *Commonwealth Oil* test, it is clear that venue of these related cases should be transferred to the Eastern District of Pennsylvania since they cannot be retained in New York as three secured creditors desire. Each debtor is a Pennsylvania corporation or partnership, maintaining its books and records in an office in Ambler, Pennsylvania. Thus, these Debtors are proximate to the bankruptcy court in Philadelphia. So too are the witnesses necessary to the administration of the estates. The Debtors' officers, directors and other employees and FRGM, the Debtors' management company, are located in Ambler. In light of those factors, moreover, it is clear that these estates can be most economically administered in the Eastern District of Pennsylvania.

To some degree, the proximity of creditors also points to that district. Fourteen of the twenty largest unsecured creditors of FRG, FMI and FRP reside or are domiciled in Pennsylvania. *See*, Petitions of FRG, FMI and FRP, Exhibit E. While it

may be that Greenbriar, Willow Creek and Charlotte have few, if any, unsecured creditors and that their secured creditors are located elsewhere, that factor is not determinative on this motion nor is the location of their assets in Florida and North Carolina. Home Federal's plea that we decentralize these cases by transferring Greenbriar to the Middle District of Florida where its assets are located is best reserved to the Eastern District of Pennsylvania. Location of assets assumes great significance if liquidation is in the offing, *Commonwealth Oil,* 596 F.2d at 1248, or if the case involves local concerns and local witnesses. *See, Bell Tower,* 86 B.R. at 803 and cases cited therein. It is not at all clear on this record that liquidation will occur, that such concerns are present, or that these related cases should be transferred to different districts.

For the foregoing reasons, we grant Blumberg's motion to transfer these jointly administered cases to the Eastern District of Pennsylvania. An order is being entered concurrently with this Decision.