**In re BEACH TELEVISION PART-NERS, d/b/a WAYK Channel 56 and WAYQ Channel 26, Debtor.**

**Bankruptcy No. 90–3159–BKC–3P1.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 4, 1991.

James E. Foster, Orlando, Fla., for creditor.

Robert Altman, Palatka, Fla., for debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ORIX'S MOTION TO TRANSFER CASE TO ORLANDO DIVISION

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court for evidentiary hearing on November 29, 1990. The Court, having considered the evidence, makes the following Findings of Fact and Conclusions of Law:

*Findings of Fact*

1. The debtor's studios, from which all programming is transmitted, are located in the Palm Bay/Melbourne area of Brevard County, Florida.

2. All employees of the debtor operate out of the Brevard County office of the debtor with the exception of one or two sales persons located in Volusia County, Florida. The sales persons report to the headquarters of the company in Brevard County, Florida.

3. The day-to-day operations of the company are run by a general manager who is located at the Brevard County headquarters.

4. With minor exception, all of the assets of the debtor are located within Brevard County, Florida, and have been located there for the majority of the 180–day period immediately preceding the filing of the bankruptcy petition by the debtor.

5. The debtor does not own antennas and the real property surrounding them in Volusia County, Florida. However, the debtor uses similar antennas located in Brevard County which it rents.

6. The debtor's principal business consists of the operation of two television stations, WAYQ Channel 26 and WAYK Channel 56. Channel 26 is licensed to operate in Volusia County, Florida. Channel 56 is licensed to operate in Brevard County, Florida. All of the programming originates from Channel 56 and that programming is "simulcast" by Channel 26 in Volusia County.

7. The debtor does not operate or use any office or studio located in Volusia County which could be characterized as the headquarters of the company although the debtor does rent an office in Volusia County.

8. Some of the debtor's principals are attorneys whose offices are located in Volusia County, Florida. From time to time decisions affecting the debtor's business are made in these attorneys' offices solely for the convenience of the attorneys who are principally engaged in the practice of law.

9. All of the daily operations of the debtor are conducted out of its Palm Bay/Melbourne facility, and the books and records of the debtor are primarily located at this facility.

### Conclusions of Law

1. The debtor's principal place of business and principal assets are located in Brevard County, Florida, which is within the Orlando Division of the Middle District of Florida.

2. Local Rule 103(c) provides in pertinent part that:

> All cases shall be commenced in that Division in which the domicile, residence, principal place of business, or principal assets of the person or entity that is subject of such case have been located for the 180 days immediately preceding such commencement....

■ 3. The language of Local Rule 103(c) closely tracks the provisions of 28 U.S.C. § 1408, the statute governing venue in bankruptcy cases.[1] The Local Rules were drafted after the enactment of Section 1408. The Court concludes that the drafters of Rule 103 intended that the terminology used in this local rule would be construed consistent with the provisions of Section 1408.[2]

■ 4. The primary factors in determining whether a debtor limited partnership has commenced its bankruptcy case in the proper district (division) are (i) the location of its principal place of business and (ii) the location of its principal assets. *In re FRG, Inc.*, 107 B.R. 461, 469 (Bankr.S.D.N.Y.1989); See also *In re Bell Tower Associates, Ltd.*, 86 B.R. 795 (Bankr.S.D.N.Y. 1988).

■ 5. "Residence" and "domicile" are not relevant to a determination of the proper division to which a case involving a partnership debtor should be assigned. 1 *Collier on Bankruptcy*, ¶ 3.02[c][ii].

■ 6. This case will be transferred to the Orlando Division of the United States Bankruptcy Court for the Middle District of Florida.

7. A separate order will be entered.

---

1. 28 U.S.C. § 1408 provides in part that "a case under Title 11 may be commenced in the district court for the district ... in which domicile, residence, principal place of business in the United States or principal assets in the United States...."

2. No reported decision addresses Local Rule 103.