**In re Clarence PENNEY and Vanessa Penney, Debtors.**

**SEARS, ROEBUCK AND CO., Plaintiff,**

**v.**

**Clarence PENNEY and Vanessa Penney, Defendants.**

Bankruptcy No. 1–86–01912.

Adv. No. 1–87–0051.

United States Bankruptcy Court, N.D. California.

July 27, 1987.

---

**161**

Douglas B. Provencher, Misuraca, Beyers, Costin, Case & Provencher, Santa Rosa, Cal., for debtors.

Victor L. Waid, Sacramento, Cal., for plaintiff.

### Memorandum of Decision

ALAN JAROSLOVSKY, Bankruptcy Judge.

This matter comes before the court pursuant to a stipulated set of facts. The parties have agreed that the matter shall be tried on the facts as filed on June 12, 1987, which are stipulated to be all of the facts upon which the case shall be tried.

The facts in this case are very simple and completely undisputed. Prior to bankruptcy, plaintiff Sears sold the debtors a bunk bed, a washer and a dryer on credit, retaining a purchase money security interest. The debtors later defaulted in their payments, and when Sears demanded the collateral back the debtors told Sears that they no longer had the items. The debtors then filed a Chapter 7 petition, and Sears filed the instant action for recovery of the property and, in the alternative, for a money judgment. Sears also seeks contractual attorney's fees.

This action is exactly the same action Sears would file in state court had there been no bankruptcy. For some reason, Sears believes that a debtor can still be sued on a state-law cause of action after bankruptcy so long as the suit is filed in the bankruptcy court. This is sheer nonsense.

Rule 7001 is not, as Sears mistakenly believes, an open invitation to commence any sort of adversary proceeding against the debtor. Rather, it merely specifies what sort of relief properly sought under the Bankruptcy Code must be obtained by formal adversary proceeding as opposed to less formal motion or contested matter pursuant to Rule 9014. Rule 7001 is not an invitation to sue the debtor on a cause of action which, if brought in state court, would be a blatant violation of the automatic stay. To say that if money or property is sought it must be by adversary proceeding is not the same as granting leave to seek money or property for any reason, as Sears interprets the rule.

Where consumer debtors no longer possess a secured party's collateral, there are many possible explanations. The property may have been stolen, or lost in a move, or destroyed by fire, flood, or earthquake, or sold by debtors who do not understand the small print in a credit application, or sold by debtors who understand full well the secured creditor's rights. The latter situation *may* render the debt nondischargeable under section 523(a)(6) as willful conversion. 3 Collier on Bankruptcy (15th ed.) para. 523.16[3]. However, if the property has been innocently lost or destroyed, then Sears has absolutely no right or remedy against the debtors. Their contract obligations, like all other debts, are discharged pursuant to section 524(a).

Sears has no right to seek a judgment on the contract after the filing of a bankruptcy petition, whether it be from this court or any other court, and no right to expect any such judgment to survive discharge. If Sears can locate the property after the discharge (or, after obtaining relief from the automatic stay, before discharge), it may take all steps necessary to obtain possession of it. However, a personal judgment can only be obtained against the debtors if Sears proves the debt nondischargeable in an action in this court under section 523(a)(6).

 Even if Sears established the debt to be nondischargeable due to willful conversion of its collateral by the debtors, it would not be entitled to attorney's fees. The dischargeability action is not based on the contract but rather on a federal statutory right sounding in tort. Remedies created by federal bankruptcy statute do not give rise to a right to attorneys' fees unless the statute so provides. *In re Johnson* (9th Cir.1985) 756 F.2d 738, 741. See, e.g., section 523(d). The attorney fee provision in the contract between Sears and the debtors is totally irrelevant. For the same reason, any damages in such an action are limited to the value of the collateral on the date of conversion, not the balance due under the contract.

The complaint before the court does not allege conversion of the collateral, nor does it in any manner even mention section 523(a). Even if it did, Sears has produced absolutely no evidence that the debtors intentionally converted its collateral, and has stipulated that no further facts are to be considered. Judgment shall therefore be entered in favor of the debtors.

■ Because the complaint is so utterly meritless, the court finds that its filing was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Rather, it seems to have been motivated by sheer ignorance of bankruptcy law and the desire to unlawfully pressure the debtors into reaffirmation. The court notes that Sears has persisted in this conduct despite a warning from this court in a prior case.

The court therefore awards the debtors reasonable attorney's fees as a sanction against Sears pursuant to Bankruptcy Rule 9011.

Counsel for the debtors shall prepare and submit an appropriate form of judgment. This memorandum shall constitute findings and conclusions pursuant to Rule 7052.