PER CURIAM.
This is an appeal by Sinclair, Louis, Sie-gel, Heath, Nussbaum & Zavertnik, P.A. from a final order denying its motion to enforce a charging lien against property of its former client, Eysa Rojas. The appellant urges as its sole point on appeal that the trial court, contrary to the ruling below, had jurisdiction to impose a charging lien with respect to legal services performed by the appellant on appeal before this court when it successfully defended a final judgment of marriage dissolution which was favorable to its former client, Eysa Rojas. See Rojas v. Rojas, 410 So.2d 1004 (Fla. 3d DCA 1982). We disagree and affirm.
Although an attorney may, as urged, perfect a charging lien for appellate legal services, it seems elementary to us that a trial court has no jurisdiction to impose such a lien, postjudgment, in the original action unless the final judgment reserves jurisdiction to do so. Inasmuch as the final judgment failed to so reserve jurisdiction in the instant case, it is clear that the trial court lacked jurisdiction to entertain the appellant’s post-judgment charging lien application below. See, e.g., Vazquez v. Vazquez, 512 So.2d 1045, 1046 (Fla. 3d DCA 1987) (Nesbitt, J., concurring) and cases collected. Beyond that, the appellant waited until four years after we had affirmed the final judgment of marriage dissolution in Rojas v. Rojas, 410 So.2d 1004 (Fla. 3d DCA 1982), before filing its charging lien motion below — so that, in any event, the essential requirement of “timely notice” for imposition of a charging lien was not shown in this case. See, e.g., Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla.1986).
Affirmed.