In the Matter of COASTAL
GROUP, INC., Debtor.

HEALY/MELLON–STUART
CO., Plaintiff,

v.

COASTAL GROUP, INC., and
Insurance Company of North
America, Defendants.

Bankruptcy No. 87–447.
Adv. No. 88–41.

United States Bankruptcy Court,
D. Delaware.

May 8, 1989.

Francis J. Murphy, Ashby, McKelvie & Geddes, Wilmington, Del., for plaintiff.

Laura Davis Jones, Young, Conaway, Stargatt & Taylor, Wilmington, Del., for debtor/defendant.

William Wade, Richards, Layton & Finger, Wilmington, Del., for defendant/Insurance Co. of North America.

### MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Coastal Group, Inc. is a Chapter 11 debtor having filed its petition on October 26, 1987. On June 23, 1988, Healy/Mellon–Stuart Co. sued Coastal and Insurance Company of North America for breach of contract for failure to perform under a surety bond on a contract between Healy/Mellon–Stuart and Coastal dated November 26, 1985 and a bond executed by INA on January 22, 1986. On July 29, Healy/Mellon–Stuart filed a proof of claim based on the identical transactions and allegations underlying its complaint. INA filed an answer asserting several affirmative defenses. Coastal moved to dismiss for violation of the automatic stay provi-

sions of 11 U.S.C. § 362(a) asking for costs, attorneys' fees and punitive damages.

Section 362(a)(1) prohibits the commencement of any action to recover a claim against a debtor that arose before the filing of a bankruptcy case. Here, the transaction at issue occurred in 1985, nearly two years before the bankruptcy filing in 1987.

■ Healy/Mellon–Stuart does not argue that what it seeks to recover is not a pre-petition claim. Its argument is that "A pre-petition breach of contract claim seeking the recovery of money is properly brought as an adversary proceeding under BR 7001(1)." It relies upon a series of cases that are distinguishable[1] and *In re Meyertech Corp.*, 831 F.2d 410 (3rd Cir. 1987) which is inapposite. Nor is Healy/Mellon–Stuart's citation to *In re Texaco, Inc.*, 84 B.R. 911 (S.D.N.Y.1988) helpful to its position. The language of the opinion relied upon is dicta wherein the Court is discussing hypothetically possible procedure that may be taken should leases not be assumable under § 365. The Court does not raise or discuss the issue involved in this case.

In *Meyertech*, the Court was faced with an adversary proceeding to determine the validity of a claim. Here, despite Healy/Mellon–Stuart's semantic argument to the contrary, the complaint is a claim for damages arising out of an alleged pre-petition breach of contract.

One of the cases upon which Healy/Mellon–Stuart relies is fatal to its position. There, the Court found:

> The creditor took the unfounded position that B.R. 7001 conferred upon it the right to sue debtors on the contract after the debtor filed the bankruptcy petition so long as the suit was brought in the bankruptcy court. This Court scotched the notion in *In re Penney* 76 B.R. 160, 161 (Bkrtcy N.D. Cal., 1987) and awarded the debtor sanctions pursuant to Rule 9011. *In re Hodges*, 83 B.R. 25 (Bankr. N.D.Cal. 1988).

The *Penney* court even more explicitly held that a creditor may not pursue his state contract claims in the bankruptcy court merely because the debtor has filed a bankruptcy. The Court wrote:

> This action is exactly the same action Sears [the creditor] would have filed in state court had there been no bankruptcy. For some reason, Sears believes that a debtor can still be sued on a state-law cause of action after bankruptcy so long as the suit is filed in the bankruptcy court. This is sheer nonsense.
>
> Rule 7001 is not, as Sears mistakenly believes, an open invitation to commence any sort of adversary proceeding against the debtor. Rather, it merely specifies what sort of relief properly sought under the Bankruptcy Code must be obtained by formal adversary proceeding as opposed to less formal motion or contested matter pursuant to Rule 9014. Rule 7001 is not an invitation to sue the debtor on a cause of action which, if brought in state court, would be a blatant violation of the automatic stay.

Disputes in bankruptcy cases are divided into two categories, adversary proceedings and contested matters. Bankruptcy Rule 7001 specifies what litigated matters are adversary proceedings to differentiate from those disputes which fall into contested matters under BR 9014.

Healy/Mellon–Stuart has a claim based on a state-law contract. Its complaint falls squarely within the category of cases which would be filed in state court had there been no bankruptcy. It is the typical case which cannot be filed subsequent to a bankruptcy filing absent relief from stay for cause.

Therefore, Coastal's motion to dismiss must be GRANTED.

■ Healy/Mellon–Stuart in its answering brief requested sanctions be imposed under BR 9011. In its reply brief, Coastal countered with a request for an award of attorneys' fees and punitive damages under § 362(h) of title 11 which reads:

---

**1.** *In re Harry C. Partridge, Jr. and Sons,* 43 B.R. 669 (Bankr.S.D.N.Y.1984); *In re Bar M. Petroleum Co.,* 63 B.R. 343 (Bankr.W.D.Tex.1986); *In re American Spinning Mills, Inc.,* 43 B.R. 365 (Bankr.E.D.Pa.1984), *In re Watson,* 78 B.R. 232 (9th Cir. BAP 1987).

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Having decided Coastal's motion to dismiss in its favor, Healy/Mellon–Stuart's request is moot. In so far as Coastal's request is concerned, the operative words of § 362(h) are "willful violation." Healy/Mellon–Stuart was obviously aware that it could not proceed in any other court absent relief from stay and based upon a cursory, if any, review of the cases prior to filing its complaint gambled on a ruling that its case fell within BR 7001(1) if the filing was disputed. While Healy/Mellon–Stuart's argument in response to Coastal's motion to dismiss is disingenuous, there is a scintilla of a suggestion in the *Texaco* case, *supra,* to support the filing in bankruptcy court. Consequently, it is not a willful violation of § 362(a)(1) and consequently, Coastal's request must be DENIED.

An order in accordance with this Memorandum Opinion is attached.