**In re Esther A. EDGHILL, Debtor.**

**EARL H. GALITZ, P.A., Plaintiff,**

v.

**Esther A. EDGHILL, Defendant.**

**Bankruptcy No. 89–15673–BKC–SMW. Adv. No. 90–0056–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

April 13, 1990.

Earl H. Galitz, Miami, Fla., for creditor.

Drew S. Sheridan, Miami, Fla., for debtor.

Gui Govaert, trustee, Miami, Fla.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came before the court upon the complaint of Earl H. Galitz, P.A. (the "creditor") against Esther A. Edghill (the "debtor"), to recover damages and to impose a charging lien on certain exempt and non-exempt property of the debtor, and upon the debtor's counterclaim for attorney's fees, pursuant to 11 U.S.C. § 523(d), and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this court pursuant to 28 U.S.C. § 157(a)(b) and § 1334. This is a core proceeding in which the court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(I).

In August, 1984, the debtor hired the creditor as her attorney in her dissolution of marriage action. At the time the creditor was hired, the parties entered into an agreement. The terms of the agreement recognized that it was the debtor's obli-

gation to pay all fees and expenses and granted the creditor the right to seek the imposition of a charging lien for the value of the creditor's services and expenses. The debtor and her former husband reached a settlement agreement which was approved by the state court and a Final Judgment of Dissolution of Marriage was entered. Pursuant to the final judgment, the debtor was awarded alimony in the amount of $250.00 per month, a 50% equitable distribution of her former husband's pension, and a 60% interest in a parcel of real estate. The court also reserved jurisdiction to determine the debtor's entitlement to an award of attorney's fees from her former husband. The court later ruled that the debtor was not entitled to recover attorney's fees from her former husband.

After the court had entered the final judgment, the creditor filed a motion for charging lien despite the fact that the court had not retained jurisdiction to entertain such a motion. Additionally, the creditor filed a separate action in the Eleventh Circuit Court in and for Dade County, Florida seeking to recover damages from the debtor and seeking to impose a lien on the property which was awarded to the debtor in the dissolution of marriage proceeding. In October, 1989, the debtor filed a petition under Chapter 7 of the Bankruptcy Code, thereby, staying the creditor's state court action. The creditor filed a motion for relief from stay in order to proceed with the state court action. This Court denied the motion and the creditor then filed this adversary proceeding. In turn, the debtor filed a counterclaim against the creditor seeking to recover attorneys fees claiming that the debt is a dischargeable consumer debt under 11 U.S.C. § 523(d).

■ By means of this adversary proceeding, the creditor is seeking to recover damages based on a pre-petition debt. In count I of the complaint the creditor seeks to recover damages from the debtor based on breach of contract, in count III the creditor seeks damages based on the services rendered, and in count IV the creditor seeks

recovery based on an account stated. In *In re Penney*, 76 B.R. 160 (Bankr.N.D.Cal. 1983), the court recognized that a creditor may not pursue a state court claim based on a pre-petition debt through an adversary proceeding merely because the debtor had filed for bankruptcy. The *Penney* court recognized that Bankruptcy Rule 7001 was not "an open invitation to commence any sort of adversary proceeding against the debtor." *In re Penney*, 76 B.R. 160, 161. The court reasoned that Rule 7001 merely specifies the kinds of relief under the Bankruptcy Code which must be pursued by formal hearing. The rule did not give the creditor the right to sue on a state-law claim in the bankruptcy forum. This same reasoning was echoed in *In re Coastal Group, Inc.*, 100 B.R. 177 (Bankr.D.Del. 1989), wherein the court refused to permit the creditor to file an adversary proceeding based on a pre-petition contract claim. Because the creditor's cause of action is predicated on a pre-petition contract claim, this Court finds that the creditor is precluded from recovering damages via this adversary proceeding.

In Count II of the adversary complaint, the creditor also sought to impose a charging lien against the property awarded to the debtor in the divorce proceeding. The real property awarded to the debtor in the divorce action is now in the hands of the trustee as property of the estate. However, the creditor failed to join the trustee as a party to this adversary proceeding. Notwithstanding the trustee's absence as a party in this case, this Court will adjudicate the extent to which the creditor has established a valid and enforceable charging lien.

■ In determining the validity and effect of the lien on the property of the debtor this Court must apply state law. *Matter of Armando Gerstel, Inc.*, 43 B.R. 925 (Bankr.S.D.Fla.1984). In Florida, case law acts as the sole guide in determining whether an attorney has established a valid charging lien. *Daniel Mones, P.A. v. Smith*, 486 So.2d 559 (Fla.1986); *See also, Sinclair, Louis, Siegel, Heath, Nussbaum*

& *Zavertnik v. Rojas*, 428 So.2d 1383 (Fla. 1983). Florida law imposes four requirements on an attorney who seeks to impose a charging lien for fees:

1.  an express or implied contract between attorney and client;
2.  an express or implied understanding for payment of attorney's fees out of the recovery;
3.  either an avoidance of payment or a dispute as to the amount of fees; and
4.  timely notice.

*Daniel Mones, P.A. v. Smith*, 486 So.2d 559, 561 (Fla.1986). If properly perfected, the charging lien attaches to the proceeds of the judgment and relates back to and takes effect from the date the services were commenced. *Matter of Armando Gerstel, Inc.*, 43 B.R. 925, 930 (Bankr.S.D. Fla.1984). Further, a valid lien survives the filing of a bankruptcy petition. *In re Banks*, 94 B.R. 772 (Bankr.M.D.Fla.1989).

It is undisputed that the first three requirements under the law have been met by the creditor. The debtor and the creditor had entered into an express agreement. The agreement recognized that it was the debtor's responsibility to pay the creditor for his services, and granted the creditor the right to impose a charging lien on the proceeds of the judgement. Subsequently, there was an avoidance of the payment on the part of the debtor.

The pivotal question is whether the creditor gave timely notice of his intention to pursue the charging lien. In Florida, an attorney should give timely notice by either filing a notice of lien or by pursuing the lien in the original action. *Daniel Mones, P.A. v. Smith*, 486 So.2d 559, 561 (Fla. 1986). The state court entered the final judgment in the divorce action on December 4, 1987. The creditor filed the motion for charging lien on December 22, 1987. In the final judgment the court retained jurisdiction to determine whether the debtor was entitled to an award of costs and attorney's fees from her former husband. The court, however, did not retain jurisdiction to impose a lien. The creditor had an obligation to notify the debtor *before* the

close of the original case that he intended to pursue the charging lien. *Daniel Mones, P.A. v. Smith*, 486 So.2d 559, 561 (Fla.1986), emphasis added. *See also, Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Rojas*, 529 So.2d 749 (Fla. 3d DCA 1988). Although the agreement between the creditor and the debtor gave the creditor the right to pursue a charging lien, the debtor had no actual notice that the creditor sought to impose the lien until the motion for charging lien was filed. Because the creditor filed the motion for charging lien after the state court had entered the final judgment, this Court finds that the creditor failed to give timely notice of the imposition of the charging lien. As such, the creditor has failed to establish a valid charging lien that could be imposed on the property of the debtor.

With respect to the debtor's counterclaim for attorney's fees, § 523(d) permits the court to award attorney's fees and costs to a debtor who prevails in an adversary proceeding commenced by a creditor pursuant to § 523(a)(2). 11 U.S.C. § 523(d). Through this adversary the creditor did not seek a determination on the dischargeability of the debt owed by the debtor. Although the creditor mistakenly sought to recover damages against the debtor, the creditor did have a right to seek this Court's determination as to the validity and extent of the charging lien. Thus, the debtor is not entitled to an award of attorney's fees under 11 U.S.C. § 523(d).

Based on the foregoing, this Court finds that the creditor is not entitled to recover damages from the debtor, that the creditor does not have a valid charging lien against the property of the debtor, and that the debtor is not entitled to an award of attorney's fees under 11 U.S.C. § 523(d).

A separate Final Judgment of even date has been entered in conformity herewith.