**In re FRG, INC. et al., Debtors.**

**ROBERT CHRISTOPHER ASSOCIATES, Christopher Burch and Robert Burch as general partners of Robert Christopher Associates and R. Richard Williams, Plaintiffs,**

v.

**FRANKLIN REALTY GROUP, INC., Franklin Realty Group of Pennsylvania, Inc., and Franklin Realty Partners, Defendants.**

**Bankruptcy Nos. 89–12766S through 89–12772S and 89–12992S.**
**Adv. No. 90–0751S.**

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 19, 1990.

---

Albert A. Ciardi, Jr., Ciardi, Fishbone & DiDonato, Richard G. Phillips, Philadelphia, Pa., for plaintiffs.

Nicholas J. LePore, III, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Creditors' Committee.

Max L. Lieberman, Philadelphia, Pa., for defendants.

Jeffrey Schwartz, New York City, for debtors.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

The instant motion of the two Debtor–Defendants in this proceeding seeks to have us dismiss the proceeding as an attempt to circumvent the Plaintiffs' failure to file proofs of claim prior to the bar date in their related cases and to have us award them damages under 11 U.S.C. § 362(h). We agree that the proceeding must be dismissed as to the movants and consequently dismissed against the non-debtor Defendant as well, on the ground that the claims against that party are not "related to" the Debtors' cases. We also believe that to allow this proceeding to continue would violate the automatic stay. However, as we view the Complaint itself as the equivalent of a motion for relief from the automatic stay, no damages under § 362(h) are appropriate.

The instant proceeding arises in the bankruptcy cases of FRG, Inc. ("FRG"), the successor of Defendant FRANKLIN REALTY GROUP, INC.; and FRP LIMITED PARTNERSHIP ("FRP"). FRG is the general partner of FRP. FRP is apparently a general partner, or related to a general partner, of a non-debtor, Franklin Cimarron Point Associates ("FCPA"), which owns and operates a 252–unit apartment complex in Oklahoma City, Oklahoma, in which the Plaintiffs have an interest. The other Defendant, FRANKLIN REALTY GROUP OF PENNSYLVANIA, INC. ("FRGPA"), is also a non-debtor. FRGPA allegedly was formerly a subsidiary of FRG, but is now unrelated to it.

The cases of FRG, FRP, and several other partnerships structured similarly to FCPA which are debtors arrived in this court as the result of a successful motion by another creditor of FRG and FRP to transfer the venue of those cases from the Southern District of New York, where they had been filed on May 17, 1989, to this court, as reflected in a decision of July 28, 1989, by the Honorable Howard C. Buschman III reported at 107 B.R. 461. *See, e.g., In re Boca Raton Sanctuary Associates,* 105 B.R. 273, 273 (Bankr.E.D.Pa.1989).

On or about July 29, 1988, the Plaintiffs, ROBERT CHRISTOPHER ASSOCIATES, a general partnership formed by Plaintiffs CHRISTOPHER BURCH and ROBERT BURCH, and R. RICHARD WILLIAMS, purchasers of partnership interests in FCPA (collectively "the Plaintiffs"), commenced an action in the United States District Court for the Eastern District of Pennsylvania at Civil Action No. 88–5153 ("the DC Action"), against, *inter alia,* the Defendants herein.

Subsequent to the bankruptcy filing, on October 26, 1989, the Plaintiffs and the Defendants negotiated a Stipulation of Dismissal of the DC Action ("the Stip."), which was approved by the District Court on October 27, 1989. The Stip. recited that the dismissal was "without prejudice" and that "[i]t is the understanding of the parties

3

that [the Plaintiffs'] claims will be asserted by Proof of Claims in the pending bankruptcy action of *In re FRG, Inc.* (Bkrcy E.D.Pa., Scholl, B.J.)."

On March 2, 1990, this court entered an Order in *inter alia*, the cases of FRG and FRP, establishing April 23, 1990, as the bar date by which Proofs of Claim had to be filed in these cases. Each of the Plaintiffs and their then counsel, Marc W. Witzig, Esquire, who had filed a motion for an Order under Bankruptcy Code Section 365(d)(2) against the Debtors with respect to Franklin Riverwind Associates, another non-debtor entity similar to FCPA in which the Plaintiffs were investors, were served with copies of the Order of March 2, 1990. Notwithstanding the terms of the Stip. and service of this Order, the Plaintiffs never filed any proofs of claim in the Debtors' cases prior to April 23, 1990.

Instead, on September 17, 1990, the Plaintiffs commenced the instant adversary action against the Defendants in this court. Like the Complaint in the DC Action, the instant Complaint alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, negligence, breach of fiduciary duties, conspiracy, and breach of contract, on the part of the Defendants, arising out of the Plaintiffs' purchase, in June, 1984, of several units of FCPA, for a total purchase price of $634,-250. Apparently, the lack of success of FCPA's venture culminated in the mortgage lender's initiating a foreclosure proceeding in April or May, 1988, the outcome of which is not alleged.

On October 17, 1990, FRG and FRP filed the instant motion, accompanied by a lengthy Memorandum of Law. Aware that the matter was scheduled for trial on November 14, 1990, we entered an Order, as soon as we became apprised of the existence of the motion on October 26, 1990, directing the Plaintiffs to file an Answer and Memorandum of Law in response to the motion on or before November 9, 1990. We approved the parties' agreement to set back the dates of trial and the filing of the Plaintiffs' submissions responsive to the motion until November 21, 1990; and No-

vember 15, 1990, respectively. We refused a request to extend the time for submission of the Plaintiffs' materials until November 19, 1990, believing that the motion constituted a significant dispositive pleading which merited our full attention prior to trial. The Plaintiffs' responsive documents and revised versions thereof were filed and served on November 16, 1990.

In their Memorandum, the Plaintiffs allege that, in October, 1990, they also filed formal proofs of claim and proofs of interest in the FRG and FRP cases.

■ At the outset, we are obliged to classify the matter as a core or non-core proceeding. The Plaintiffs allege that the matter is core, on the basis of 28 U.S.C. § 157(b)(2)(O). The Defendants request this court to determine the instant motion. These respective stances of the parties evince, in our view, the requisite consent of all that we determine this proceeding even were it non-core. *See* 28 U.S.C. § 157(c)(2); and *In re St. Mary Hospital*, 117 B.R. 125, 131 (Bankr.E.D.Pa.1990). In any event, we find that the matter is core under 28 U.S.C. § 157(b)(2)(B), as this proceeding is the archetype of a matter so classified in *In re Meyertech Corp.*, 831 F.2d 410, 415–18 (3d Cir.1987). Therefore, we must determine it.

■ To our thinking, the ultimately-dispositive issue is whether the DC Action can be considered as an "informal proof of claim" filed on behalf of the Plaintiffs. *See, e.g., In re Wilbert Winks Farm, Inc.*, 114 B.R. 95, 97 (Bankr.E.D.Pa.1990); and *In re Clark*, 96 B.R. 569, 573 (Bankr.E.D. Pa.1989). The Plaintiffs argue that the Stip. was, by its terms, to be considered as a proof of claim itself. We must beg to differ. The Stip. instead provides, as quoted at pages 712–713 *supra*, that the Plaintiffs claims "will be asserted by Proof of Claims." This recitation clearly infers that an additional filing of proofs of claim in this bankruptcy court is to follow, not that the execution of the Stip. would, in itself, constitute the filing of proofs of claim.

In *Wilbert Winks*, 114 B.R. at 97, we thusly set the parameters for filings which

we would consider as "informal proofs of claim:"

> the filing must be in the form of a pleading *filed in the Bankruptcy Court* which shows "that a demand is made against the estate" and "the creditor's intention to hold the estate liable." *[In re] Ungar,* 70 B.R. [519,] at 521–23 [Bankr.E.D.Pa.1987] (quoting *In re Thompson,* 227 F. 981, 983 (3d Cir.1915)) (emphasis added.)

Patently, the Plaintiffs' filing of the DC Action and the execution of the Stip. therein did not constitute the requisite filing of a pleading *in this bankruptcy court.*

◼ We believe that a contrary rule, allowing a filing in *any* court to be considered as an informal proof of claim, would be tantamount to providing an unwarranted exception to 11 U.S.C. § 502(a) and Bankruptcy Rules 3003(c)(2) and (c)(3) as to any party who engaged in pre-petition litigation against a Chapter 11 debtor. We do not believe that the mere filing of litigation in a non-bankruptcy forum is a sufficient act to evince the making of a demand against a particular debtor's estate and an intention to hold that estate liable for the cause of action asserted in the bankruptcy court.

◼ Clearly, a creditor cannot circumvent the temporal proscription of a bar date by the facile device of filing an adversary proceeding against a debtor after the bar date has run. We have previously held that it is usually improper to assert a monetary claim against a debtor by means of a adversary proceeding in any event. Such causes of action

> should normally be relegated to the bankruptcy claims process, *see In re Stelweck,* 86 B.R. 833, 845 (Bankr.E.D. Pa.1988) [*aff'd sub nom. United States v. Stelweck,* 108 B.R. 488 (E.D.Pa.1989)]; *In re New York City Shoes, Inc.,* 84 B.R. 947, 960 (Bankr.E.D.Pa.1988); and *[In re] International Endoscope [Manufacturers, Inc.],* 79 B.R. [620,] at 621–22 [Bankr.E.D.Pa.1987].

*In re Clark,* 91 B.R. 324, 338 (Bankr.E.D. Pa.1988). *See id.* at 342.

◼ A more subtle issue is presented by the Defendants' contention that the Plaintiffs' filing of the instant proceeding constitutes a violation of the automatic stay. In support of this contention, the Defendants cite to *In re Coastal Group, Inc.,* 100 B.R. 177 (Bankr.D.Del.1989); *In re Hodges,* 83 B.R. 25, 26 (Bankr.N.D.Cal.1988); *International Endoscope, supra;* and *In re Penney,* 76 B.R. 160 (Bankr.N.D.Cal.1987). *See also In re Lessig Construction, Inc.,* 67 B.R. 436, 443–44 (Bankr.E.D.Pa.1986).

There is clearly authority to the contrary, holding that "[t]he stay does not operate against the court with jurisdiction over the bankrupt." *In re Teerlink Ranch Ltd.,* 886 F.2d 1233, 1237 (9th Cir.1989). *Accord, In re Watson,* 78 B.R. 232 (Bankr. 9th Cir.1987); *In re American Sports Innovations,* 105 B.R. 614, 617 (Bankr.W.D. Wash.1989); *In re Bell & Beckwith,* 50 B.R. 422, 429 (Bankr.N.D.Ohio 1985); and *In re American Spinning Mills, Inc.,* 43 B.R. 365, 367 (Bankr.E.D.Pa.1984).

We recently reviewed this topic in depth in *In re Sciortino,* 114 B.R. 423, 426–27 (Bankr.E.D.Pa.1990). Quoting our earlier statements which amended our holding in *Lessig, supra,* in *In re TM Carlton House Partners, Ltd.,* 93 B.R. 859, 870 (Bankr.E. D.Pa.1988), we stated that the filing of a complaint in bankruptcy court was " 'logically the equivalent of a request for relief from the automatic stay,' " 114 B.R. at 427, rather than a violation of the automatic stay in itself. Clearly, the filing of a request for relief from the automatic stay cannot itself constitute a violation of the stay. Therefore, we are not prepared to grant any relief to the Defendants pursuant to 11 U.S.C. § 362(h) as a consequence of the Plaintiffs' filing of the instant Complaint.

◼ When we consider the Plaintiffs' Complaint as a request for relief from the automatic stay, as we suggested in *Sciortino,* we conclude that we are "most reluctant to allow a creditor to obtain relief from the stay to pursue a collection action against a debtor, even in the bankruptcy-court forum." *Id.* Rather, we would relegate the Plaintiffs to the bankruptcy claims

process as a means of asserting their causes of action in the Debtors' cases. *Id.* Thus, to allow the Plaintiffs to proceed *further* with the instant proceeding *would,* in our view, be violative of the stay. Moreover, again, we cannot allow the Plaintiffs to circumvent the bar date by the device of filing of the instant proceeding after the bar date. Therefore, dismissal of this proceeding as to the Debtor–Defendants is totally consistent with the conclusions reached by us in *Sciortino.*

■ The Plaintiffs advance two other arguments in opposition to the motion to dismiss in their submissions. Firstly, they contend, on the basis of the controversial holding of *In re M. Frenville Co.,* 744 F.2d 332, 334–37 (3d Cir.1984), *cert. denied,* 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985), we should consider their claims to arise from "post petition proceedings and not [be] subject to the automatic stay." Revised Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Complaint and for Contempt of Automatic Stay, at 8. The Plaintiffs characterize their claims as post-petition because (1) They are based upon the post-petition Stip.; and (2) In addition to the claims set forth in their Complaint, they also have other indemnification claims against the Debtor–Defendants which have not yet ripened.

These contentions patently lack merit. The Stip. did not give rise to the Plaintiffs' claims, but, rather, merely terminated the DC Action as a means of asserting those claims. The claims arose from causes of action which the Plaintiffs obviously believed had matured sufficiently to support the Complaint in the DC Action. *Compare, e.g., In re Remington Rand Corp.,* 836 F.2d 825, 828–33 (3d Cir.1988). Moreover, this invocation of *Frenville,* if accepted by us, would prove too much. If the Plaintiffs in fact had only post-petition claims against the Debtors, they would have had no claim against them "as of the date of the filing of the petition," 11 U.S.C. § 502(b), which would have been cognizable in the claims process or should be cognizable in this court.

■ As to the unripened claims for indemnification, we note that claims for "reimbursement or contribution," *i.e.,* indemnification, which are contingent as of the bar date must be disallowed pursuant to 11 U.S.C. § 502(e)(1)(B). *See In re Pacor, Inc.,* 110 B.R. 686 (E.D.Pa.1990); and *In re Amatex Corp.,* 110 B.R. 168 (Bankr.E.D. Pa.1990).

Secondly, the Plaintiffs argue that, if the stay is held to apply to their instant proceeding, it should also be applied to the DC Action and should nullify the Stip. *See e.g., Kalb v. Feuerstein,* 308 U.S. 433, 438, 60 S.Ct. 343, 345–46, 84 L.Ed. 370 (1940); *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.,* 682 F.2d 446, 447–48 (3d Cir.1982); and *In re Clark,* 69 B.R. 885, 889–90, *modified,* 71 B.R. 147 (Bankr.E.D.Pa.1987). Thus, they apparently claim that affirmation of the validity of the Stip. is a precondition to the Defendants' motion.

Assuming *arguendo* that the Plaintiffs are correct regarding the invalidity of the Stip., we are unable to ascertain why the enforcement of the terms of the Stip. is crucial to our sustaining the Defendants' position on the instant motion. If the Stip. is invalid (thereby eliminating entirely any reliance by the Plaintiffs upon its existence as the basis for contending that its terms constitute the filing of a proof of claim. *But see* pages 713–714 *supra,* holding that such reliance is misplaced), the Plaintiffs are left in the stance of parties to a pending district court action which is subject to the automatic stay. The pendency of the CA Action in this posture would not enhance the status of the Plaintiffs' claims as untimely in this proceeding and subject to preclusion by reason of the bar date. Again, the pendency of an action in a forum other than the bankruptcy court, whether dismissed or ongoing, does not constitute an "informal" or any other kind of proof of claim.

The Debtor–Defendants are therefore entitled to have their motion to dismiss this proceeding granted. The proceeding is advanced for no purpose except to litigate causes of action which are not and cannot be the basis of claims in the Debtors' cases

and therefore its asserted causes of action could have no conceivable effect upon the estates of the Debtors being administered in this court. *See, e.g., In re Bobroff,* 766 F.2d 797, 802 (3d Cir.1985); and *In re Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984).

The only causes of action remaining in this proceeding, after the Debtors are appropriately dismissed as defendants, are the Plaintiffs' claims against FRGPA. The Plaintiffs have not articulated any manner in which the determination of the claims which they have against these non-debtors are "related to" the Debtors' cases, *i.e.,* that their resolution will have any conceivable effect upon the administration of the Debtors' respective estates. We believe that the relationship between these claims and the administration of the Debtors' estates is undeniably "slight." *See In re City Wide Press, Inc.,* 107 B.R. 68, 72 (Bankr.E.D.Pa.1989). Therefore, our exercise of the subject-matter jurisdiction under 28 U.S.C. § 1334(b) to hear this remaining controversy, which is apparently untouched by the Debtor's bankruptcy, is lacking.

Consistently herewith, we will enter an Order not only dismissing the instant Complaint, but also denying the Debtor–Defendants' prayer for damages under 11 U.S.C. § 362(h).

### ORDER

AND NOW, this 19th day of November, 1990, upon consideration of the Defendants' Motion to Dismiss the Plaintiffs' Complaint and for Contempt of Automatic Stay, and careful review of the Memoranda of Law in support of their respective positions submitted by the parties, it is ORDERED AND DECREED as follows:

1. The Defendants' Motion is GRANTED in part and DENIED in part.

2. The Plaintiffs' Complaint is DISMISSED.

3. The Defendants' request for damages occasioned by the Plaintiffs' alleged violation of the automatic stay is DENIED.