**In the Matter of THOMSON McKINNON, INC., Debtor.**

**Bankruptcy No. 90 B 10914.**

United States Bankruptcy Court, S.D. New York.

Aug. 28, 1991.

See also 130 B.R. 717.

---

Anderson Kill Olick & Oshinsky, P.C., New York City, for movants; Roy Babitt, of counsel.

Debevoise & Plimpton, New York City, for debtor; Andrea Labov, of counsel.

Strook & Strook & Lavan, New York City, for Creditors' Committee; Barbara Kaplan, of counsel.

DECISION ON MOTION AND CROSS–
MOTION FOR AN ORDER GRANT-
ING RELIEF FROM STAY AND
PERMISSION TO FILE CLAIMS

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

Approximately forty former customers ("the movants") of the debtor, Thomson McKinnon Securities, Inc. ("TMSI"), have moved for an order granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to permit them to prosecute to judgment a prepetition Securities Act case pending against the debtor in the United States District Court, Western District of Oklahoma. Alternatively, the movants seek leave to file a proof of claim or to consider a late-filed claim as timely. The debtor was formerly a securities investment firm and is presently proposing a complete liquidation under Chapter 11 of the Bankruptcy Code.

*Background*

On July 7, 1987, the movants filed a complaint in the United States District Court for the Western District of Oklahoma against numerous defendants, including the debtor, TMSI. The complaint and amended complaints assert fraud, misrepresentation, breach of fiduciary duty and contract with respect to the issuance of a prospectus relating to the sale of limited partnership units in certain real property. The movants allege the violation of various federal securities laws, including 15 U.S.C. §§ 78j(b), 78t(a) and (b), 77*l*, and 18 U.S.C. § 1962.

On March 28, 1990, TMSI filed with this court its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The debtor is presently proceeding as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108 and is pursuing a liquidating Chapter 11 approach.

*The Bar Date Orders*

Pursuant to Bankruptcy Rule 3003(c)(3), the court established two separate bar dates for claims. On April 3, 1990, the court fixed a bar date of October 30, 1990 for creditors defined as "Customers" by the bar order (the "Customer Bar Date"). On July 16, 1990, the court fixed a separate bar date of September 21, 1990 for all creditors of the debtor who were defined as "Creditors" by the bar order (the "Creditor Bar Date").

The Creditor Bar Date Order provides in relevant part as follows:

1. All persons or entities who have or assert, or may have or may assert, any Claim (as defined in the Notice of Bar Date for Filing Proofs of Claim attached hereto as Exhibit A) against either of the above-captioned Debtors, other than those Claims specifically excepted by this Order, shall file Proofs of Claim *on or before September 21, 1990* (the "Bar Date"), or their Claims shall be forever barred from assertion against the Debtors and their properties, and the holder of any such Claim shall be barred from voting on or participating in any distribution in these cases, but shall be bound by the terms of any plan or plans of reorganization or liquidation as may by (sic) confirmed by this Court.

2. The Bar Date *shall not extend* to the following types of Claims, which are excepted from the provisions of this Order:

. . . .

(c) Claims that have been or should be filed by TMSI's former customers to "customer property" (as defined in 15 U.S.C. § 78*lll* (4)) or to "customer name securities" (as defined in 15 U.S.C. § 78*lll* (3)), pursuant to the Revised Order Setting a Bar Date for Claims of Former Customers and Approving Notice and Proof of Claim Forms, entered by this Court on April 3, 1990.

(emphasis added).

The debtor mailed notice of the Creditor Bar Date Order and a proof of claim form to creditors, including the movants. A separate notice was sent to "customers" who might have claims relating to customer property. The debtor *did not* send notice to the movants of the Customer Bar Date Order entered by the court on April 3, 1990, which set October 30, 1990 as the bar

date for customers with claims relating to "customer property" or "customer name securities." This order stated in relevant part as follows:

> Former customers shall file claims to "customer property" (as defined in 15 U.S.C. § 78*lll* (4) or to § 78*lll* (3)), on or before October 30, 1990 or their claims to such property shall be forever barred.

The debtor's schedules list the movants as creditors holding claims that are unliquidated and disputed. Therefore, the movants were required to file a proof of claim because 11 U.S.C. § 1111(a), which treats liquidated and undisputed schedule claims as deemed filed, is inapplicable.

Movants filed a proof of claim on October 26, 1990, which was five weeks late as to the Creditor Bar Date, but which was timely filed if it qualified under the Customer Bar Date. The Customer Bar Date expressly limited the October 30, 1991 bar date to claims for "customer property" or "customer name securities." All other claims, including claims of former customers were subject to the earlier Creditor Bar Date of September 21, 1990.

Movants concede that they make no claim to "customer property" or "customer name securities" as expressed in the Customer Bar Date Order which set October 30, 1990 as the bar date for such customer claims. Accordingly, the movants did not file a timely proof of claim by September 21, 1990, as required or by the Bar Date Order for all creditors, including former customers, other than those customers holding claims with respect to "customer property" or "customer name securities." They argue that they are former customers of the debtor who hold general unsecured, unliquidated claims which are disputed and that their claims filed on October 26, 1990 should be treated as timely filed within the Customer Bar Date or regarded as late-filed claims under the Creditor Bar Date because the Creditor Bar Date should be extended to permit the filing of the late claim in accordance with Bankruptcy Rules 3003(c)(3) and 9006(b)(1).

## DISCUSSION

■ The movants' prepetition lawsuit in the United States District Court for the Western District of Oklahoma cannot be considered as an informal proof of claim which may be amended by the movants' late-filed customer claim. There must be some informal writing or pleading filed in the bankruptcy court which could be treated as a timely assertion by the movants of their claim against the debtor's estate. *Vertientes, Ltd. v. Internor Trade, Inc. (In re Vertientes, Ltd.)*, 845 F.2d 57, 60 (3d Cir.1988); *Biscayne 21 Condominium Association, Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d 814, 819 (11th Cir. 1985) ("To constitute an informal proof of claim, the document must apprise the court of the existence, nature, and amount of the claim."); *In re W.T. Grant Co.*, 53 B.R. 417 (Bankr.S.D.N.Y.1985). There must be something in the bankruptcy court's records to reflect the informal proof of claim because Bankruptcy Rule 5005(a) expressly states that proofs of claim and other papers required to be filed "shall be filed with the clerk in the district where the case under the Code is pending." Thus, a prepetition pending lawsuit between a creditor and a debtor relating to a claim by the creditor cannot be treated as an informal proof of claim because the pending lawsuit does not appear upon the record in the bankruptcy case. *In re FRG, Inc.*, 121 B.R. 710 (Bankr.E.D.Pa.1990).

In view of the fact that the movants do not qualify as having timely filed an informal proof of claim which may be amended, it follows that the September 21, 1990 Creditor Bar Date may not be enlarged because the movants have not produced any evidence as to the factors which would justify such relief, including excusable neglect, as required by Bankruptcy Rule 9006(b)(1).

### *Relief From the Automatic Stay*

At the first hearing in this matter held on August 20, 1991, the court suggested that this dispute might be a matter of form over substance because the movants could

simply remove their prepetition pending litigation in the Western District of Oklahoma to this court pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027. Accordingly, the parties considered whether or not the debtor might, instead, wish to consent to the movants' late-filed claim. At the adjourned hearing held on August 27, 1991, the debtor and the creditors' committee reasserted objections to the movants' claim. The debtor reasoned that the movants could not remove the Oklahoma litigation to this court because Bankruptcy Rule 9027(a)(2) requires the application for removal of a prepetition claim be made within the longer of either 90 days after the filing of the petition or 30 days after the lifting of the automatic stay. Accordingly, the debtor maintains that because more than 90 days have passed since the debtor filed its Chapter 11 petition, relief from the stay must be obtained prior to removing an action pursuant to 28 U.S.C. § 1452.

Bankruptcy Rule 9027(a)(2) provides as follows:

> (2) **Time for Filing; Civil Action Initiated Before Commencement of the Case Under the Code.** If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Bankruptcy Rule 9027(a)(2)

There is no question that if an automatic stay under 11 U.S.C. § 362 is not implicated in the case, the party seeking removal of a pending nonbankruptcy case has a fixed 90–day period after the commencement of the bankruptcy case within which to seek removal of the pending nonbankruptcy litigation. *In re Jandous Electric Construction Corp.*, 106 B.R. 48, 50 (Bankr.

S.D.N.Y.1989) (automatic stay did not apply because the debtor was the plaintiff in the pending nonbankruptcy litigation).

In the instant case, the automatic stay is involved. Indeed, the movants seek relief from the stay because the stay continues in effect. In these circumstances, the 90–day limitation in Bankruptcy Rule 9027(a)(2) does not apply because the longer period would be the date, if any, when relief from the stay is granted. *In re Daniele Laundries, Inc.*, 34 B.R. 931, 934 (Bankr. S.D.N.Y.1983). This point is made clear by the Advisory Committee Note accompanying Rule 9027(a)(2), which states in relevant part as follows:

> As long as the stay remains in effect there is no reason to impose a time limit for removal to the bankruptcy court and, therefore, clause (B) of subdivision (a)(2) provides that a removal application may be filed within 30 days of entry of an order terminating the stay. Parties to stayed litigation will not be required to act immediately on commencement of a case under the Code to protect their right to remove.

Bankruptcy Rule 9027(a)(2) advisory committee's note (1983).

■ Hence, the Oklahoma action may be removed to this court, notwithstanding that the movants did not file a timely proof of claim. The automatic stay would not apply to a case removed to the forum of the debtor's bankruptcy case because the automatic stay is a temporary umbrella protecting the debtor from a torrent of creditor litigation outside the bankruptcy court. *In re Atreus Enterprises, Ltd.*, 120 B.R. 341, 346 (Bankr.S.D.N.Y.1990). The commencement of a post-petition adversary proceeding against a debtor in a bankruptcy court by a creditor who failed to file a timely proof of claim might be dismissed as an attempt to circumvent a bar date. *See In re FRG, Inc.*, 121 B.R. at 714. However, the removal to the bankruptcy court of a pending prepetition litigation against a debtor is not the same as the commencement of a post-petition adversary proceeding against a debtor. There is nothing in 28 U.S.C. § 1452 or Bankruptcy Rule 9027

that requires the filing of a timely proof of claim in the bankruptcy court as a prerequisite for such removal. Indeed, the Supreme Court has established that a creditor who files a proof of claim in a bankruptcy court case may not have a right to trial by jury. *Granfinanciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). Therefore, it would be improper to require a creditor who might have a right to a jury trial to relinquish that right as a condition for removing the creditor's prepetition lawsuit against the debtor to the forum of the debtor's bankruptcy case. This point has significance in the instant case, where a jury trial has been requested in the movants' pending Oklahoma action.

However, the movants have not sought removal of their pending Oklahoma case to this court. If the debtor will not consent to their filing a late proof of claim, as is the case, the movants would then wish to proceed with the Oklahoma action unfettered by the automatic stay. The debtor may not have it both ways by precluding the movants from having their day in court, both in this case and in the Oklahoma case.

■ The movants have established that cause exists for relief from the automatic stay. First, they are barred from asserting their claim in this court. Second, they have a pending prepetition lawsuit against the debtor for the same claims they wish to assert in this court and that lawsuit may be removed to this court. Third, the debtor's liquidating Chapter 11 case has been pending in this court since March 20, 1990 and no plan of reorganization has been filed. Fourth, the debtor has discontinued its business and is simply liquidating its claims in preparation for the submission of a liquidating Chapter 11 plan. Fifth, the automatic stay is intended as a temporary protection from creditors while the debtor attempts to obtain a breathing spell. "The stay is not permanent." H.R.Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S.Rep. No. 989, 95th Cong., 2d Sess., 50 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5836, 6297. The debtor in this case has had an ample opportunity to inventory its position in order to proceed with the administration of this case. Indeed, the legislative history accompanying 11 U.S.C. § 362 explicitly covered this point in relevant part as follows:

> Nevertheless, it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5836, 6297.

As a liquidating Chapter 11 debtor for more than one year, it cannot be said that lifting of the automatic stay in favor of the movants would jeopardize its fresh start.

> This is not a case, therefore, where the debtor's fresh start or reorganization is being frustrated by a creditor's efforts to collect a prepetition debt. Rather, *this is a liquidating case* wherein all parties have always been cognizant that the validity, extent, priority and amount of [the creditors'] claims and liens were ultimate issues to be faced.

*In re Washington Manufacturing Co.*, 118 B.R. 555, 562 (Bankr.M.D.Tenn.1990) (emphasis added).

In view of the undisputed facts in this case, it is clear that the automatic stay should be lifted in order to allow the movants to proceed with their claims against the debtor to judgment.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B) and (G).

2. The movants' pending litigation against the debtor in the United States District Court for the Western District of Oklahoma does not qualify as an informal proof of claim which may be amended after the bar date for filing proofs of claim has elapsed.

3. The movants do not qualify as "customers" as defined in the Customer Bar Date Order dated April 3, 1990, so that their proof of claim filed on October 26, 1990, after the Creditor Bar Date of September 21, 1990 set by the order dated July 16, 1990, was filed untimely.

4. The movants' motion for leave to file a proof of claim, or to consider their claim previously filed to be timely filed, is denied.

5. The movants have established by undisputed facts in this Chapter 11 liquidation case that they are entitled to relief from the automatic stay imposed under 11 U.S.C. § 362 in order to proceed to judgment in their pending prepetition lawsuit against the debtor in the United States District Court for the Western District of Oklahoma.

SETTLE ORDER in accordance with the foregoing.