**In re CONSTON, INC., et al.**

**Kenneth A. WELT, not individually but as Chapter 7 Trustee of Cascade International, Inc.**

v.

**CONSTON CORPORATION.**

**Bankruptcy Nos. 92–217 to 92–245.**
**Adv. No. 94–85.**

United States Bankruptcy Court,
D. Delaware.

May 3, 1995.

Marvin Krasny, Michael L. Temin, Pamela A. Morone, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, PA, James L. Patton, Jr., Laura Davis Jones, David W. O'Connor, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for debtor.

John H. Genovese, David C. Cimo, Jenner & Block, Miami, FL, William L. Witham, Jr., Joseph Grey, J. Kate Stickles, Prickett, Jones, Elliott, Kristol & Schnee, Dover, DE, for Trustee of Cascade.

HELEN S. BALICK, Chief Judge.

In this consolidated adversary proceeding, the defendant Conston Corporation has filed a motion to dismiss pursuant to Fed. R.Bankr.P. 7012(b). This is the court's decision on this core matter. 28 U.S.C. § 157(b)(2)(B).

I. *Facts*

On this motion to dismiss, the court will consider and assume to be true the well-pleaded allegations of the complaint. The court will also consider certain other matters of record in the Conston bankruptcy proceeding (Case No. 92–217). *MAI Systems Corporation v. C.U. Technologies, Inc. (In re MAI)*, 178 B.R. 50, 51 (Bankr.D.Del.1995).

According to the complaint filed in A–94–85, Cascade International, Inc. was a woman's apparel retailer. Cascade acquired a controlling interest in Conston on August 11, 1990. Cascade filed a Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Florida in December, 1991. Prior to, and within one year of this petition date, Cascade made several money transfers to Conston totaling $10,690,935.00. Post-petition, Cascade made several money

transfers to Conston totaling $578,746.00. The plaintiff, Kenneth A. Welt, as Chapter 7 trustee for Cascade, seeks the return of all these transfers based on twelve alternative legal theories, for a total claim against Conston of $11,269,681.[1]

September 16, 1992 was the bar date in the Conston case for filing proofs of claims. On that date, the trustee on behalf of Cascade filed a proof of claim with attached documentation in the Conston case seeking a secured claim of $10,396,000 and an unsecured claim of $2,878,000. This court has since ruled that the secured portion of the claim was unperfected, resulting in a proof of claim for the unsecured amount of $13,274,000. Conston has filed an objection to the claim; however, a hearing has not yet been scheduled on the objection.

II. *Discussion*

Conston moves to dismiss this adversary proceeding. Conston argues that this adversary proceeding is essentially a proof of claim, and that it was filed contrary to the procedures established for filing such proofs in the Conston case. Conston further argues that the facts that form the basis for the adversary, and the relief requested in the adversary are duplicative of the filed proof of claim.

 The trustee concedes most of the issues pertinent to Conston's motion to dismiss. The trustee agrees that an adversary proceeding in Conston's case can not be used as a substitute for a proof of claim. *In re Coastal Group, Inc.*, 100 B.R. 177, 178 (Bankr.D.Del.1989). The trustee argues, however, that when a creditor is itself a debtor, it has the ability to circumvent that doctrine. This argument is without merit under the circumstances here. 9 *Collier on Bankruptcy* ¶ 7001.04, at 7001–7–8 (15th ed. 1993).

The trustee also concedes that the sums sought to be recovered in the adversary are limited to those sums already sought in the proof of claim. However, the trustee *does* point out that the complaint raises new legal theories in support of the monies sought in its proof of claim. The trustee concludes therefore, that the complaint should be allowed as an amendment to the proof of claim. Conston has not claimed any prejudice in connection with the assertion of these new legal theories. Thus, Conston is on notice that the trustee may assert these theories in support of the filed proof of claim. *Hatzel & Buehler, Inc. v. Station Plaza Assoc., L.P.*, 150 B.R. 560, 562 (Bankr. D.Del.1993). This observation, however, does not provide a basis to permit the prosecution of the adversary to continue.

The other arguments of Conston in support of its motion to dismiss need not be considered. The motion to dismiss is **GRANTED.**

IT IS SO ORDERED.

---

**1.** The theories invoke fraudulent transfer under bankruptcy and Florida law, sections 362, 542, 547, and 549 of Title 11 of the Bankruptcy Code, and various equity doctrines.