**In re Donna Bryant RITCHIE, Debtor.**

**Bankruptcy No. 97–30659–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida,
West Palm Beach.

July 31, 1998.

David Marshall Brown, Boca Raton, FL, for Joel H. Feldman.

Michael Bakst, Bakst, Cloyd & Bakst, P.A., West Palm Beach, FL, for Debtor.

### ORDER DENYING MOTION FOR RELIEF FROM STAY

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court on July 24, 1998, for consideration of the motion of creditor, Joel H. Feldman, P.A. ("Feldman"), for relief from the automatic stay to impose a charging lien against the Debtor. Having considered the argument of counsel, the evidence presented, and for the reasons set forth below, the Court denies Feldman's motion for relief from stay.

 Feldman represented the Debtor in her divorce action. At the time that Feldman decided to represent the Debtor, Feldman and the Debtor entered into a Fee and Representation Agreement (the "Agreement"). Pursuant to the Agreement, in the event that the Debtor failed to pay Feldman, he would be entitled to a "lien on all documents, property, or money in its possession for all money due under this Agreement and shall have a charging lien against the results of litigation." The Agreement also contains a statement that:

> It is specifically agreed that Joel H. Feldman, P.A. shall have and is hereby granted all general, possessory and retaining liens and all equitable, special and attorney's charging liens upon the client's interest in any and all real and personal property within the jurisdiction of the court for any balance due, owing and unpaid.

However, pursuant to Florida law, this portion of the Agreement exceeds the parameters as to the type of property interests against which a charging lien can attach. A charging lien cannot attach to property not involved in the suit and not before the Court, but rather, may attach only, to money or identifiable property recovered in the litigation. *See Cole v. Kehoe,* 710 So.2d 705 (Fla. 4th DCA 1998). Thus, Feldman is left with a possible charging lien against only the property recovered during the litigation.

In theory, such property potentially could encompass all the Debtor's assets. Under Florida law, when an attorney seeks to impose a charging lien for fees, there must be:

1. an express or implied contract between attorney and client;

2. an express or implied understanding for payment of attorney's fees out of the recovery;

3. either an avoidance of payment or a dispute as to the amount of fees; and

4. timely notice.

*Daniel Mones, P.A. v. Smith,* 486 So.2d 559, 561 (Fla.1986). Feldman has met the first three requirements to enforce a charging lien. But, the Debtor contends that Feldman has not given timely notice of his intent to enforce the charging lien.

The final judgment of dissolution of marriage was entered on November 30, 1995. On February 3, 1997 an Amended Qualified Domestic Relations Order was entered which merely addressed the efforts of the Debtor to obtain funds from her ex-husband's retirement plan. Neither the final judgment nor the domestic relations order retained jurisdiction to enforce Feldman's charging lien. On February 4, 1997, Feldman filed a Motion to Withdraw and for Final Judgment Impressing Charging Lien which was set for hearing on February 13, 1997. The Debtor filed her bankruptcy on February 12, 1997, thereby, staying the hearing on Feldman's motion.

 The filing of the motion to impress the charging lien some fifteen months after the state court entered its final judgment of dissolution raises the question of whether Feldman gave timely notice of his intent to enforce the charging lien. In Florida, an attorney should give timely notice by either filing a notice of lien or by pursuing the lien in the original action. *In re Edghill,* 113 B.R. 783 (Bankr.S.D.Fla.1990). In *Edghill,*

Judge Weaver considered facts similar to those *sub judice.* In that case, the attorney seeking to impose the charging lien filed the motion after the court had entered the final judgment and the court had not retained jurisdiction to entertain such motion. Judge Weaver determined that the attorney "had an obligation to notify the debtor *before* the close of the original case that he intended to pursue the charging lien." Because the attorney failed to do so, the charging lien could not be imposed.

Likewise, in this case, the state court failed to retain jurisdiction to impose a charging lien, the final judgment was entered, and Feldman failed to seek the imposition of a charging lien during the original action. Consequently, under Florida law, Feldman cannot now impose the charging lien and thus, the granting of stay relief would be inappropriate. Accordingly it is

ORDERED that Feldman's motion for relief from the automatic stay is denied.