**In re Jonas ROLYN, Debtor.**

**No. 00–11363.**

United States Bankruptcy Court,
N.D. California.

May 14, 2001.

**454**

Myles R. Dresslove, Law Offices of Myles R. Dresslove, Santa Rosa, CA, for debtor.

Thomas R. Phinney, Weintraub, Genshlea and Sproul, Sacramento, CA, for creditor.

### *Memorandum of Decision*

ALAN JAROSLOVSKY, Bankruptcy Judge.

In this Chapter 13 case, the deadline for filing proofs of claim was October 17, 2000. Creditor Travelquest, Ltd., did not file a proof of claim until October 20, 2000. However, it did file an objection to the plan on August 11, 2000. Travelquest has asked the court to deem its objection to the plan an "informal proof of claim" which may be amended. Debtor Jonas Rolyn opposes the request and seeks disallowance of Travelquest's late-filed claim.

Citing *In re Gardenhire*, 209 F.3d 1145 (9th Cir.2000), Rolyn argues that in light of the 1994 amendment to the Bankruptcy Code adding § 509(b)(9) there is no longer such thing as an informal proof of claim. However, a reading of that case does not support his position. Gardenhire stands for the proposition that the claims deadline cannot be equitably tolled. It does not say that a document filed before the deadline cannot be considered an informal proof of claim. The courts have continued to apply the informal proof of claim theory in cases subject to § 509(b)(9). See, e.g., *In re Larson*, 245 B.R. 609, 614 n. 1 (Bkrtcy.D.Minn.2000).

Objections to Chapter 13 plans may qualify as informal proofs of claim. *In re Larson, supra.* However, the operative word is "may." If the objection to the plan filed by Timequest before the claims bar date had in any way discussed its claim, the court might have consider the document to be an informal proof of claim. However, the objection contains *not one word* about the nature or amount of Travelquest's claim. It only discussed the amount of Rolyn's homestead claim and the liquidation value of his estate. The court may not rely merely on extensive participation by a creditor in the bankruptcy case to deem a document an informal proof of claim; the document itself must meet the basic requirements of a claim. *In re Stewart*, 46 B.R. 73, 76 (Bkrtcy.D.Or.1985)(Declining to deem objection to Chapter 13 plan an informal proof of claim). At a minimum, the document urged as an informal proof of claim must state the nature and amount of the claim and the present intent to assert it. *In re Holm*, 931 F.2d 620, 622 (9th Cir. 1991) ("For a document to constitute an informal proof of claim, it must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable."); *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 815 (9th Cir.1985); *Perry v. Certificate Holders of Thrift Savings*, 320 F.2d 584, 590 (9th Cir.1963); *In re Edelman*, 237 B.R. 146, 154 (9th Cir. BAP 1999). Since Travelquest's objection to the plan stated nothing about the nature of its claim or its amount, the court cannot consider it to be an informal proof of claim. It simply does not meet the minimum requirements for a claim.

As a fall-back position, Travelquest argues that its prepetition lawsuit against Rolyn, filed two years before the bank-

ruptcy, constitutes an informal proof of claim. However, prepetition lawsuits do not meet the requirements of an informal proof of claim, as they do not establish a current intent to hold the debtor's estate liable.[1] *In re L.F. Rothschild Holdings, Inc.*, 143 B.R. 335, 336 (Bkrtcy.S.D.N.Y. 1992); *In re Thomson McKinnon, Inc.*, 130 B.R. 721, 723 (Bkrtcy.S.D.N.Y.1991).

Because the court finds that the minimum requirements of an informal proof of claim have not been met, the court does not need to address whether the debtor's illness or other equitable factors make application of the doctrine inappropriate in this case.

For the foregoing reasons, Travelquest's motion will be denied and Rolyn's objection to its claim will be sustained. Counsel for Rolyn shall submit an appropriate form of order.

---

1. The lawsuit might have furnished a basis for a finding of an informal proof of claim if Travelquest had referred to it in its objection to the plan or made a motion for relief from the stay to prosecute it. Travelquest did neither.